Billy J. ALLRED, Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Appellee.

No. 83–1968.

United States Court of Appeals, Eighth Circuit.

Feb. 14, 1984.

J. Paul McGrath, Asst. Atty. Gen., W. Asa Hutchinson, U.S. Atty., Mark W. Webb, Asst. U.S. Atty., W.D.Ark., Fort Smith, Ark., Frank V. Smith, II, Regional Atty., Renee H. Brooks, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Ronald D. Harrison, Harrison & Hewett, Fort Smith, Ark., for appellant.

Before HEANEY, Circuit Judge, HEN-LEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HEANEY, Circuit Judge.

Billy J. Allred injured his upper back and neck on May 22, 1978, during the course of his employment as a truck driver. He attempted to return to that job on several occasions but was unable to do so. His employer then arranged a job for him keeping records on the shipping dock. He continued on that job for about six weeks. He then quit because he was unable to continue the work. He has not worked since.

Allred filed an application for disability benefits on September 16, 1980, alleging that because of his back injury he became disabled on October 24, 1979. His application was approved by an administrative law judge (ALJ) on August 25, 1981. Thereaft-

er, the Appeals Council (Council) on its own motion reviewed the decision of the ALJ and reversed it. The Council found that Allred was "unable to perform his former jobs as lead man or truck driver, but that he has the maximum sustained work capability for a full range of light work." This opinion and decision became the final decision of the Secretary. Allred then sought judicial review of the Secretary's final decision in the United States District Court for the Western District of Arkansas. That court affirmed and Allred appeals.

We have no alternative but to reverse and remand. We do so for three reasons: (1) The Secretary erred in placing the burden of proving that Allred could do light or sedentary work on Allred. (2) The Secretary used an improper standard in rejecting the ALJ's finding that Allred's pain was disabling. (3) The Secretary erred in applying the guidelines to reach the conclusion that there is work in the economy which Allred can perform.

## I. BURDEN OF PROOF

▇ It is conceded that Allred cannot return to his former work as a lead man or a truck driver. The burden thus shifted to the Secretary to show that Allred had the sustained work capability to perform light work. *Jackson v. Schweiker*, 696 F.2d 630, 631 n. 1 (8th Cir.1983) (per curiam); *Tucker v. Schweiker*, 689 F.2d 777, 779 (8th Cir. 1982) (per curiam); *McCoy v. Schweiker*, 683 F.2d 1138, 1146–1147 (8th Cir.1982) (en banc). Neither the Council nor the Secretary explicitly recognized that the burden had shifted and we are unwilling to assume that either did so implicitly. *See Streissel v. Schweiker*, 717 F.2d 1231, 1232 (8th Cir. 1983) (per curiam); *Simonson v. Schweiker*, 699 F.2d 426, 429 (8th Cir.1983). Indeed, we must, for purposes of this appeal, assume the contrary as the Secretary's brief states that "an individual claiming disability benefits under the Social Security Act has the burden of establishing a disability within the meaning of the Act." Moreover, this case is not one in which the evidence is so strong that a proper application of the burden of proof is irrelevant.

## II. PAIN

▇ The ALJ found Allred's complaints of pain to be credible. He gave the following reasons for that finding: Allred tried to work several times but had to quit; he was hospitalized several times for his condition; he takes pain medicine; he testified he is seldom without pain; prolonged sitting bothers his legs in that they tingle; he can no longer hunt or fish; he is unable to lift, bend, push or pull; and his demeanor at the hearing was such that his credibility cannot be questioned. The Council rejected the ALJ's findings as to pain stating that he had failed to make a full inquiry into the intensity, duration, and frequency of the pain; its effect on the claimant's ability to function; the claimant's daily activities; the kinds, amounts and frequency of any medication taken; and the nature, frequency and results of any medical treatment. The Council also noted that regulations provide that "an individual's statements alone are not enough to establish that there is a physical or mental impairment and that a finding of 'disability' will not be based on symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." *See* 20 C.F.R. §§ 404.1528, 404.1529 (1983).

We have no quarrel with the Council's statement that the ALJ's examination of the claimant and his findings were not as complete as they might have been. Had the Council, at this point, simply remanded the matter to the ALJ for further inquiry and findings we would affirm. But it went further and overruled the ALJ. After reviewing the record, we hold the Council erred.

(A) The claimant testified that there was very seldom any time during the day or night when he did not experience pain in his legs, hips, shoulders, arms, and hands. He also testified that he had severe headaches, that he could stand up and move around a couple of hours a day and then he

had to sit down for 15 or 20 minutes before getting up to move around again. He further stated that he tried to return to work both as a truck driver and a dock clerk but was unable to handle either job. In his application for benefits, the claimant stated that he did no lifting or bending, that he did no housework or yard work and that he did not engage in any recreational activities.

(B) The claimant testified that he was under medication at the time of the hearing. In his application for benefits he stated he was taking the following muscle relaxants and pain killers prescribed by one of his doctors:

| | | |
|---|---|---|
| Indocine | 25 mgs. | 1 capsule 3 times a day |
| Tranxene | | 1 capsule each 12 hours |
| Robaxisal | 250 mgs. | 2 capsules 3 times a day |
| Anaprox | 275 mgs. | 2 tablets a day |
| Anacin | | As required |

(C) One of his treating doctors reported that Allred was totally disabled from any physical activities that would require the use of his arms, legs or back. Another doctor reported that *after retraining* he could do light work that did not involve prolonged standing or lifting over 20 to 25 pounds and which permitted frequent changes of positions. A clinical psychologist reported that in his present condition, he was totally disabled but that he might regain a capacity to do light work *after a prolonged period of physical and vocational rehabilitation.* There was no medical testimony to the contrary and no doctor suggested that Allred was faking his complaints of pain or that he was a malingerer. No retraining has been offered to Allred nor has a showing been made that retraining is available.

It seems clear from the above that the primary basis of the Council's decision was that a medical condition did not exist which could be reasonably expected to produce the pain testified to by Allred. This position is contrary to several opinions of this Court. As we stated in *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978):

In the present case the ALJ discounted the claimant's evidence of pain on the ground that there was no evidence of any severe spinal impairment that would cause disabling pain. Under our previous decisions, * * * this analysis places too much emphasis on the need to prove disability by objective proof. Of course under the Act there must be medical evidence of physical or mental impairment. Disregard of a claimant's subjective complaints of pain, however, is not justified solely because there exists no objective evidence in support of such complaints. [Citation and footnote omitted.]

*See also Simonson v. Schweiker, supra,* 699 F.2d at 429; *Cole v. Harris,* 641 F.2d 613, 615–616 (8th Cir.1981); *Ragsdale v. Secretary of H.E.W.,* 623 F.2d 528, 530 (8th Cir.1980).

Moreover, all of the physicians who examined Allred agree he has an objective basis for pain and movement limitations. Dr. Albert D. McDade, Allred's treating physician, diagnosed him as suffering from "cervical spondylosis with C6 disc protrusion on the left and associated with mild C7 radiculopathy (sensory) on the left." His spinal fluid studies correlated with nerve root irritation. Dr. McDade also diagnosed cervical and lumbar myofascitis. Allred's family physician, Dr. Hugh S. Lewing, agreed with this diagnosis and concluded Allred's pain continues and he is unable to lift, bend, push or pull. In a later report, Dr. Lewing gave the opinion that Allred is severely restricted and totally disabled from physical activities requiring the use of his arms, legs and back. Another physician, Dr. Alfred B. Hathcock, concluded Allred had suffered a mechanical injury to the muscles, soft tissues, and possibly joints in the lumbar area. He prescribed medication and a lumbosacral corset. These reports supply sufficient medical evidence of a physical impairment to justify crediting Allred's complaints of pain.

## III. APPLICATION OF THE GUIDELINES

■ This Court sitting en banc in *McCoy v. Schweiker* set forth clearly the situa-

tions in which the guidelines could be applied to determine whether there was work in the economy which a claimant could perform. We also indicated the manner in which they should be applied. In substance we held that use of the guidelines is inappropriate where their evidentiary underpinnings do not coincide exactly with evidence of disability found in the record. If a claimant's relevant characteristics differ in any material respect from those of the grid, the guidelines cannot be applied and the customary reliance on vocational experts retains its full vigor. *McCoy v. Schweiker, supra,* 683 F.2d at 1146. Here, there is a serious question as to whether the grid should be applied.

First, the underlying facts including age and education remain open to proof. *Id.* Here, Allred has eleven years of education but he tests out at the seventh grade level. Consideration must be given to this fact.

■ Second, a claimant capable of performing sedentary or light work under the guidelines must have the ability to perform the required physical acts day in and day out in the sometimes competitive and stressful conditions in which real people work in the real world. *Id.* Here, what evidence there is indicates that Allred does not have this ability.

■ Finally, where pain is considered as a separate ground for disability, it must be severe enough to prevent the claimant from engaging in any substantial gainful employment. Where, as here, pain is considered in combination with exertional limitations, it need only be found significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant qualifies. *Id.* at 1148 (quoting *Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662, 666 n. 8 (1st Cir.1981)). To make review simpler and to avoid unnecessary reversal, it would make more sense for an ALJ to stay completely away from the guidelines where pain is so significant that the applicant does not possess the residual functional capacity on which the guidelines are predicated.

*Torres v. Secretary of Health and Human Services,* 668 F.2d 67, 69 (1st Cir.1981). Here, there is a dispute as to whether Allred's pain is either a separate grounds for disability or is significant enough, when considered with his exertional limitations, to be disabling. If either is the case, the guidelines cannot be applied. *Simonson v. Schweiker, supra,* 699 F.2d at 430.

## IV. CONCLUSION

■ We have no alternative but to remand to the district court with directions to it to remand to the Secretary. The Secretary may then award benefits or remand to an ALJ for a further evidentiary hearing, and more specific findings consistent with this opinion. We emphasize again, because the Secretary appears to reject our many holdings on the issue, that a claimant cannot be found not disabled solely on the grounds that the disabling pain of which he complains is not manifested by objective medical findings. The claimant's credibility must be determined from the total record.

Reversed and remanded.