Vernon L. HEMILLER, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. No. 84–64–W.

United States District Court, S.D. Iowa, W.D.

Dec. 11, 1985.

Mark J. Eveloff, Council Bluffs, Iowa, for plaintiff.

Robert Dopf, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The Court has before it plaintiff's motion for summary judgment and the government's motion to reaffirm the decision of the Secretary of Health and Human Services denying plaintiff disability benefits under the Social Security Act. A hearing was held on this matter in Council Bluffs, Iowa at which all parties were present. After carefully considering the record as well as the briefs and oral arguments of both parties, this Court reverses the Secretary's decision and remands this case to the Secretary.

The suit involves two applications made under the Social Security Act. Plaintiff's applications received consideration and reconsideration, but they were denied. On June 20, 1984, following a hearing, an Administrative Law Judge (ALJ) rendered his decision unfavorable to plaintiff (Tr. 12–18). The ALJ found that plaintiff was not under a "disability" as defined in the Social Security Act. The Appeals Council of the Social Security Administration subsequently denied plaintiff's request for a review (Tr. 4–5). As a result, the decision of the ALJ stands as the final decision of the Secretary.

■ The Court finds that the ALJ failed to expressly recognize the shift in the burden of proof once it was established that plaintiff could not return to his former job. Where the ALJ fails to expressly recognize this shift in the administrative decision, a court must assume that the burden of proof was improperly allocated. *See Allred v. Heckler*, 729 F.2d 529, 531 (8th Cir.1984). Therefore, a remand, at the least, is in order. *See Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985).

■ Plaintiff also claims that the ALJ failed to properly consider his allegations of pain pursuant to *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984). An ALJ may not reject a claimant's subjective complaints solely on the basis of personal observations. The Court notes that Dr. Fernandez found plaintiff to be suffering from pain (Tr. 161). Furthermore, an ALJ must make an express credibility finding detailing why he rejected plaintiff's testimony. *See O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir.1983). The Court finds that the ALJ failed to do this. Again, a remand, at the least, is in order.

■ The Eighth Circuit has stated repeatedly that "the report of a consulting physician who examined the claimant once does not constitute substantial evidence upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Hancock v. Secretary of Department of Health, Education and Welfare*, 603 F.2d 739, 740 (8th Cir.1979). After reviewing the record in this case, it appears that the ALJ disregarded the medical opinions of Drs. O'Neil and Schlanger, and instead relied upon the opinion of Dr. Miller, a consulting physician. Even if Dr. Miller was not a "consulting" physician, the Court is persuaded by the opinions of O'Neil and Schlanger, as well as the overwhelming weight of the evidence, that plaintiff is disabled. The Court, therefore, reverses the decision of the Secretary and directs the Secretary to award plaintiff disability benefits.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment be granted and the decision of the Secretary be reversed.

IT IS FURTHER ORDERED that defendant's motion for affirmance of the Secretary's decision be denied.

IT IS FURTHER ORDERED that the Secretary be directed to award the plaintiff the benefits to which he is entitled. The

428

Secretary shall complete this computation of the benefits of the plaintiff within thirty days from the date this Order is filed.