**Gerald W. BROCK [SSN: 487–66–6132], Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

**No. 99–6039–CV–SJ–BC–SSA–ECF.**

United States District Court,
W.D. Missouri,
St. Joseph Division.

Oct. 6, 2000.

Roger Driskill, Liberty, MO, for plaintiff.

Jerry Short, Assistant United States Attorney, Kansas City, MO, for defendants.

### ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND

LARSEN, United States Magistrate Judge.

Before the court is defendant's motion to alter or amend the order filed on September 12, 2000, reversing the decision of the commissioner and granting disability benefits. In support of his motion, defendant argues that the commissioner's burden at step five of the sequential analysis is only a burden of production, not a burden of proof. Defendant's position is without merit.

The United States Supreme Court in *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), stated as follows:

The severity regulation does not change the settled allocation of burdens of proof in disability proceedings. It is true, as Yuckert notes, that *the Secretary bears the burden of proof at step five,* which determines whether the claimant is able to perform work available in the national economy.

(emphasis added).

The defendant raised this precise issue in multiple other cases across this circuit, five of which were addressed by Chief United States District Judge Mark Bennett in the Northern District of Iowa. *See McPherson v. Apfel,* 110 F.Supp.2d 1162 (N.D.Iowa 2000). Judge Bennett stated in part as follows:

The bone of contention in each case is the magistrate judge's characterization of the Commissioner's burden at step five of the disability analysis. However, the Commissioner does not contest the magistrate judge's conclusion in each case about the outcome of the disability analysis as a whole, even though the magistrate judge's conclusion, in each case, is contrary to the Commissioner's finding of no disability and denial of benefits. Thus, the Commissioner apparently seeks to remedy what he perceives to be a systemic flaw in the disability analysis, while conceding that his disability determination should be reversed in each of these cases.

*Id.* at 1163. In this case, defendant likewise contests the "burden of proof" issue but does not contest the decision, i.e., that the commissioner's decision was in error and that the plaintiff is entitled to disability benefits.

Judge Bennett goes on to state:

For the characterization of the Commissioner's burden as a burden of "production," the Commissioner relies on *Young,* 221 F.3d at 1069 n. 5, which in turn relies on *Roth v. Shalala,* 45 F.3d 279, 282 (8th Cir.1995). . . .

Decisions of the Eighth Circuit Court of Appeals describing the Commissioner's

burden at step five of the disability determination process as one of "proof" are legion and include, to cite only some of the most recent ones, the following: [citations to 17 Eighth Circuit cases]. Decisions of the Eighth Circuit Court of Appeals describing the burden as one of "production," on the other hand, are so rare that the court has unearthed none besides *Young*, 221 F.3d at 1070 n. 5, and the case upon which *Young* relies, *Roth*, 45 F.3d at 282....

Moreover, the Commissioner and the decision in *Young* both rely on the Supreme Court's decision in *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119, for the correct statement of the requirements of step five, but the pertinent part of *Yuckert* states the following:

> [T]he Secretary bears the burden of proof at step five, which determines whether the claimant is able to perform work available in the national economy. But the Secretary is required to bear this burden only if the sequential evaluation process proceeds to the fifth step.

*Yuckert*, 482 U.S. at 146 n. 5, 107 S.Ct. 2287 .... Thus, there can be no doubt that [the magistrate judge] correctly stated that, under precedent of this circuit and the Supreme Court, it is indeed "well settled" that the Commissioner's burden at step five of the disability determination process is a burden of "proof," not merely one of "production."

*Id.* at 1168–69.

*See also Burnside v. Apfel*, 223 F.3d 840 (8th Cir.2000) ("Shifting the burden of proof to the Commissioner at the fifth step—the determination of whether Burnside could perform a significant number of jobs within the national economy—the ALJ ... concluded that Burnside was not disabled"); *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir.2000) ("it is well settled law that once a claimant demonstrates that he or she is unable to do past relevant work,

the burden of proof shifts to the Commissioner").

The case relied on by defendant, *Young v. Apfel*, 221 F.3d 1065 (8th Cir.2000), recites a conclusion that, if traced to its origins, is not supported even by the authority relied upon. *Young* states as follows:

> [T]he burden of production shifts to the Commissioner to produce evidence of jobs available in the national economy that can be performed by a person with the claimant's RFC and vocational skills.... The ultimate burden of persuasion to prove disability, however, always remains with the claimant.

The only case cited by the *Young* court is *Roth v. Shalala*, 45 F.3d 279 (8th Cir. 1995). In *Roth*, the court stated as follows:

> Roth bears the burden of proving disability. Although the ultimate burden of persuasion does not shift, the burden of production shifts.

The only case cited by the *Roth* court is *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir.1992). The *Locher* case reads as follows:

> The claimant bears the burden of proving disability. Having shown, however, that he is unable to perform his past relevant work, the burden shifts to the Secretary to show that work exists in the national economy that the claimant is capable of performing.

The only case cited by the *Locher* court is *Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985). The *Tucker* court stated as follows:

> The ALJ found Tucker unable to perform his past relevant work as a sanitation worker. Once such a finding is made, the burden shifts to the Secretary to show other jobs in the economy that the claimant is capable of performing.

The *Tucker* court cited *Allred v. Heckler*, 729 F.2d 529, 531 (8th Cir.1984), as support. In the *Allred* case, the court stated as follows:

We have no alternative but to reverse and remand. We do so for three reasons: (1) The Secretary erred in placing the burden of proving that Allred could do light or sedentary work on Allred....

Clearly the legal principle enunciated in *Allred* does not support the one cited in *Young*—yet *Allred* leads the list of citations culminating in the *Young* opinion.

I find that the *Young* opinion is contrary to the United States Supreme Court opinion in *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and that the holding in *Young* is not supported by the authority cited. As I stated in the original September 12, 2000, order reversing the decision of the commissioner: If the plaintiff establishes that he is unable to return to past relevant work because of the disability, the burden of persuasion shifts to the Commissioner to establish that there is some other type of substantial gainful activity in the national economy that the plaintiff can perform. This, as discussed above, is well-settled law.

Therefore, it is

ORDERED that defendant's motion to amend the September 12, 2000, opinion is denied.