Mulinda CAMPBELL, Individually and on Behalf of all other similarly situated individuals, Plaintiffs,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. C 84–2085.

United States District Court, N.D. Iowa, E.D.

Oct. 21, 1985.

John S. Allen, Waterloo, Iowa, Martin Ozga, Des Moines, Iowa, for plaintiffs.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

McMANUS, District Judge.

In this action, submitted on the administrative record, the plaintiff class seeks declaratory and injunctive relief against defendant for improperly denying disability benefits based on determinations that plaintiffs' impairments were not severe. Proposed findings of fact, conclusions of law, briefs and arguments have been received and the court now makes the following:

## FINDINGS OF FACT

1. The plaintiff class consists of all persons residing in the State of Iowa,

a) who have presented a claim for Social Security Income (SSI) or Old Age Survivors' Disability Insurance (OASDI) disability benefits to the Secretary;

b) whose claims for SSI or OASDI benefits have been denied or whose benefits have been terminated on the basis of a finding of no severe impairment, without consideration of multiple impairments in combination in determining severity, or without a finding as to whether the claimant is able to do his past relevant work or whether, considering vocational factors, the claimant can do other work; and

c) who are pursuing or will pursue timely administrative or judicial appeals, or, if not pursuing timely appeals, who have received or will receive an adverse decision at any level of the administrative review process on or after July 1, 1984.

2. Defendant Margaret Heckler administers both the OASDI and SSI programs which provide benefits to disabled persons.

3. The definition of disability states that an individual is disabled if he is unable:

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). This definition is limited so that

an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

4. Defendant has established regulations which provide steps for evaluating disability. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, if the claimant is doing substantial gainful activity, defendant determines that the claimant is not disabled. If the claimant is not doing substantial gainful activity, defendant considers the claimant's physical and mental impairment(s) in step two. 20 C.F.R. §§ 404.1520(c), 416.920(c) (1984) provides:

You must have a severe impairment. If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

5. The regulations provide that an impairment is not severe if it does not significantly limit one's physical or mental ability to do basic work activities such as standing, walking, lifting, handling, seeing, speaking, hearing, understanding and following simple instructions. 20 C.F.R. §§ 404.1521, 416.921.

6. Prior to the passage of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 460, 98th Cong., 2d Sess., 98 Stat. 1794, the Secretary did not consider the combined effects of unrelated impairments unless all were severe and expected to last 12 months. 20 C.F.R. §§ 404.1522, 416.922 (1984).

7. Defendant has published Social Security Rulings (SSRs) which are binding on all components of the Social Security Administration. 20 C.F.R. § 422.408.

8. SSR 82–55 provides that at step 2 of the evaluation process:

when we may decide that an impairment is not severe, we do not consider the effects of age, education, and work experience (i.e., the vocational factors) since in such cases the determination is based on medical considerations alone. Similarly, the individual's RFC is not assessed in cases in which the individual's impairment is determined to be not severe. In such cases, the RFC assessment is not relevant because it is based upon functional limitations which result from a severe impairment, and thus, it only comes into play at a later stage in the sequential evaluation process.

. . . .

Inasmuch as a nonsevere impairment is one which does not significantly limit basic work-related functions, neither will a combination of two or more such impairments significantly restrict the basic work-related functions needed to do most jobs.

9. SSR 82–56 provides that:

[w]hen there is no significant limitation in the ability to perform ... basic work-related functions, an impairment will not be considered to be severe even though it may prevent the individual from doing work that the individual has done in the past. Inasmuch as a nonsevere impairment is one which does not significantly limit basic work-related functions, neither will a combination of two or more, such impairments significantly restrict the basic work-related functions needed to do most jobs.

10. The named plaintiff, Mulinda Campbell, was found "not disabled" by defendant under the severity regulations.

11. The Administrative Law Judge (ALJ) serially discussed Ms. Campbell's various impairments. The ALJ, without considering Ms. Campbell's residual functional capacity, vocational factors, or the combined effect of the impairments, concluded that she did not have any impairment that significantly restricted her ability to perform basic work activities, and stated that "[i]n the absence of a severe impairment, the claimant must be found 'not disabled' as defined in the Social Security Act, as amended."

12. Upon agreement of the parties, Ms. Campbell's case was remanded to the Secretary for payment of benefits on May 6, 1985.

13. Ms. Campbell has been and continues to be an adequate representative of the plaintiff class.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and subject matter under 42 U.S.C. § 405(g) and 28 U.S.C. § 1361.

2. Under 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B), the severity of an impairment cannot be assessed without reference to an individual's past work or other vocational factors. *Baeder v. Heckler*, 768 F.2d 547, 553 (3d Cir.1985).

3. The regulations at 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921, SSR 82–55 and SSR 82–56 are in conflict with 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B) insofar as the regulations and rulings do not allow for consideration of vocational factors, or a claimant's residual functional capacity in determining the severity of an impairment. *Johnson v. Heckler*, 769 F.2d 1202, 1213, 1215 (7th Cir.1985). The regulations and rulings are invalid because they are beyond defendant's statutory authority. *Id.*

4. The failure of defendant to consider vocational factors in determining severity violates the Eighth Circuit's burden of proof rule which requires that, after a claimant has shown that he can no longer perform his former job, the burden shifts to the Secretary to prove that the claimant is able to do other work in a competitive work setting. *Douglas v. Schweiker*, 734 F.2d 399, 400 (8th Cir.1984).

■ 5. Defendant's former policy enunciated in 20 C.F.R. §§ 404.1522, 416.922 (1984), SSR 82–55, and SSR 82–56, whereby defendant refused to consider the combined effects of impairments which were individually found not to be severe was contrary to the plain meaning of 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). *Johnson v. Heckler*, 769 F.2d 1202, 1215 (7th Cir.1985).

It is therefore

ORDERED

1. It is declared that the regulations at 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921 and SSR 82–55 and those portions of SSR 82–56 relating to non-severe impairments are in conflict with 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B) and are invalid. Defendant's former policy of refusing to consider the combined effect of impairments which were individually found not to be severe violated the Social Security Act.

2. Defendant is enjoined from applying the following regulations and rulings: 20 C.F.R. § 404.1520(c); 20 C.F.R. § 404.1521; 20 C.F.R. § 416.920(c); 20 C.F.R. § 416.921; SSR 82–55; and those portions of SSR 82–56 relating to non-severe impairments.

3. By not later than Friday, October 25, 1985, defendant shall transmit a copy of this order and instructions to comply herewith to adjudicators within Iowa responsible for determining disability, including all federal judges, magistrates, personnel in state and district offices, and personnel within the Social Security Administration, ALJs, and the Appeals Council.

4. By not later than Wednesday, November 6, 1985, defendant shall issue instructions for compliance with this order including procedures to be used in identifying class members and evaluating claims of plaintiff class members.

5. Defendant shall immediately provide plaintiffs' attorneys with copies of all memoranda, notices, instructions, directives and like documents issued to effect compliance with this order as those documents are issued.

6. Defendant shall notify all class members that their claim for benefits is being reviewed, that the prior denial or termination may have been in error and that the claimant will be entitled to retroactive benefits if it is determined that the prior determination was erroneous.

7. Defendant shall hold new disability hearings for all class members.

8. Class members who have actions pending in federal court may elect to have their cases remanded to the Secretary for re-evaluation.

9. Defendant shall reinstate benefits commencing with the date of this order to all class members whose benefits had been terminated as a result of defendant's determination that they did not suffer from a "severe" impairment.

10. Defendant shall grant retroactive benefits to class members who, after a new hearing, are found to be disabled.

11. Plaintiffs are entitled to their costs.

12. The Clerk shall order judgment to be entered in accordance with the above which is approved as to form.