Robert GOOSEN, Plaintiff,

v.

Louis SULLIVAN, Secretary of Health and Human Services, Defendant.

No. 88–0426–CV–W–3.

United States District Court, W.D. Missouri, W.D.

Feb. 12, 1992.

Larry O. Denny, Kansas City, Mo., for plaintiff.

Jerry L. Short, U.S. Attorney's Office, Kansas City, Mo., for defendant.

## ORDER

ELMO B. HUNTER, Senior District Judge.

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Section 405(g) provides for judicial review of a "final decision" of the Secretary of Health and Human Services. Before this Court is Plaintiff's and Defendant's Motions for Summary Judgment. Essentially, Plaintiff sets forth three arguments as to why the Appeals Council's determination that Plaintiff could still perform a wide range of unskilled work at all exertional levels was in error. This Court has denied Plaintiff's first allegation regarding the Appeals' Counsel's jurisdiction to re-open this case. Plaintiff's second allegation that the decision of the Appeals Council is not supported by substantial evidence has not been addressed by this Court. Further, plaintiff's second allegation will not be addressed by this Court, inasmuch as this cause is REMANDED, pursuant to Plaintiff's third allegation of error.

■ Plaintiff's third allegation is that the Appeals Council erred in using the vocational guidelines. There are two methods by which the Secretary can meet his burden of proving that the Plaintiff can perform substantial gainful employment: (1) by the use of medical-vocational guidelines ("grid"); or (2) by the ALJ's production of a vocational expert who expresses an opinion on whether the claimant can perform alternative employment. *See Garrett v. Richardson,* 471 F.2d 598, 603–04 (8th Cir.1972). Plaintiff asserts that the grids may be used if the claimant's impairment is exertional rather than nonexertional. *See McCoy v. Schweiker,* 683 F.2d

1138, 1147 (8th Cir.1982); *High v. Heckler,* 608 F.Supp. 1058, 1064 (D.C.1985); and *Bradshaw v. Heckler,* 810 F.2d 786, 790 (8th Cir.1987). The Appeals Council found that Plaintiff had no exertional limitations, therefore, any limitations Plaintiff may have would be considered non-exertional, which restricted him to unskilled jobs involving simple repetitive tasks and infrequent contact with others.

■ On January 17, 1992, this Court ordered the Defendant to Show Cause as to why this case should not be remanded for the Secretary's failure to use a vocational expert. Counsel for the Secretary responded by written brief, file stamped January 29, 1992, contending the sections relied upon by the Appeals Council were not "actually a part of the grids." This argument is without merit. There are two means to prove that Plaintiff can perform substantial gainful employment: (1) use of the medical vocational guidelines ("grid"); and (2) use of a vocational expert. *Garrett,* 471 F.2d at 603–04. Here, there is no dispute that a vocational expert was not used, thus, the only other alternative for the Secretary was to use a form of the grids.

Counsel for the Secretary argues that "a significant number of unskilled work at all exertional levels still existed which plaintiff could perform." Defendant's arguments ignore the mandate of the Eighth Circuit in *McCoy.* A claimant's residual functional capacity

> is defined wholly in terms of the physical ability to perform certain exertional tasks. If a claimant has a nonexertional impairment, the Guidelines and grid are not controlling and cannot be used to direct a conclusion of disabled or not disabled without regard to other evidence, such as vocational testimony.

*McCoy,* 683 F.2d at 1148. Here, Counsel for the Secretary does not dispute that Plaintiff had non-exertional limitations and makes no reference to "other evidence, such as vocational testimony" which was used. It is irrelevant to argue that the precise grids used in *McCoy* were not the

precise grids used in this case. The issue presented is whether the limitations were non-exertional, and, if so, whether "other evidence, such as vocational testimony" was used. The answer in this case is that the limitations were non-exertional, and, after being SHOW CAUSED, Defendant has produced no such "other evidence, such as vocational testimony" to show how the Secretary could direct a conclusion of disabled or not disabled.

Accordingly, it is hereby ORDERED that this case is REMANDED to the Secretary of Health and Human Services for reevaluation of the evidence with the aid of a vocational expert.

IT IS SO ORDERED.