George STREISSEL, Appellant,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Appellee.

No. 82–2419.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Oct. 5, 1983.

Harry J. Nichols, St. Louis, Mo., for George Streissel.

Thomas E. Dittmeier, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, D. Samuel Borin, Asst. Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before HEANEY and JOHN R. GIBSON, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

George Streissel, a skilled machinist, sustained serious injuries to his lower back on March 21, 1978. He tried unsuccessfully to return to his old job.

On June 25, 1979, Streissel filed an application for disability benefits under Title II of the Social Security Act. His application was denied. He then appealed to the United States District Court for the Eastern District of Missouri, and that court granted the Secretary of Health and Human Services' motion for summary judgment. Streissel then filed his notice of appeal to this Court. After review of the record, we have no alternative but to reverse and remand to the district court with directions to it to remand to the Secretary for action consistent with this opinion. Our reasons for this action are as follows:

■ (1) It was conceded at an early stage of the proceedings that Streissel could not return to the job that he had held for many years as a skilled machinist. The burden of proving that he could do light or sedentary work in a competitive work setting thus fell on the Secretary. Neither the administrative law judge (ALJ) nor the Secretary recognized that the Secretary had this burden. The government in its brief before this Court still fails to recognize this fact. We cannot assume that the ALJ or the Secretary would have reached the decision that they did had they properly apportioned the burden of proof. *See Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir. 1983); *Tucker v. Schweiker,* 689 F.2d 777, 779 (8th Cir.1982); *Tennant v. Schweiker,* 682 F.2d 707, 710 (8th Cir.1982).

■ (2) A vocational expert, Thomas Boyd, was called by the Secretary. He testified that Streissel had developed several skills as a result of his training and work as a machinist and that these skills were transferable to certain light or sedentary jobs including a tool crib attendant, small punch press operator, small spot welding machine operator, molding machine operator, or small parts inspector. He further testified that there were jobs of the kind described in the area.

The ALJ in his report stated:

In response to a question posed by the Administrative Law Judge, Mr. Boyd stated that claimant's past work experience had been of a skilled nature, and the claimant would have many transferable skills from said prior work that would be applicable to light and sedentary occupations. <u>Taking into consideration the claimant's age, education, prior work experience, transferable skills and his residual functional capacity, Mr. Boyd stated that the claimant could perform the "light" jobs of tool crib attendant, punch press operator, spot weld operator, molding machine operator and screw machine operator. Furthermore, he stated claimant could perform the "sedentary" jobs of small parts inspector, bench inspector, packaging and machine operator in a boot and shoe manufacturing plant.</u> * * * (Emphasis added.)

We have been unable to find support in the record for the underlined portion of the statement, and that portion of the statement is crucial to a determination of whether Streissel is disabled. As we have stated in a long line of cases, vocational experts' opinions cannot constitute substantial evidence unless they precisely consider the claimant's particular physical and mental impairments. *See, e.g., Simonson v. Schweiker,* 699 F.2d 426, 430 (8th Cir.1983); *McMillian v. Schweiker,* 697 F.2d 215, 220–221 (8th Cir.1983); *McGhee v. Harris,* 683 F.2d 256, 259 (8th Cir.1982). Perhaps Boyd would testify in the manner indicated by the ALJ if given an opportunity, but he has not so testified to this point. The Secretary should be given the opportunity to fill this gap and Streissel should have an opportunity to rebut whatever evidence is brought forth.

■ (3) The ALJ held that Streissel's complaints of pain were not credible. In support of this finding, the ALJ noted: "[T]he medical evidence of record does not establish a severe organic impairment which would be commensurate with disabling pain. Furthermore, at the hearing, the claimant did not appear to be in significant pain or discomfort." Our past decisions establish that the ALJ may not disregard a claimant's subjective complaints of pain solely because there exists no objective evidence in support of such complaints. *Simonson v. Schweiker, supra,* 699 F.2d at 429–430; *Tucker v. Schweiker, supra,* 689 F.2d at 780–781; *Northcutt v. Califano,* 581

F.2d 164, 166 (8th Cir.1978). It is simply insufficient for the ALJ to suggest in conclusory fashion that Streissel's complaints of back pain were not credible. In fact, the objective medical evidence in the record reveals that Streissel has suffered a ruptured lumbar disc at the L4–L5 level, and that this condition may be inoperable due to the surgical risks posed by his diabetes mellitus and heart disease. Moreover, medical reports in the record by Doctors' Conrad, Schaerer, White and Hertel each note and describe Streissel's back pain in terms such as "lumbrosacral tenderness bilaterally * * * with pain radiating into the left leg," "spasm in the paraspinal muscles in the lumbar region," and "sciatic trunk tenderness." On remand, the Secretary and the ALJ should make explicit findings and give serious consideration to evidence of Streissel's pain.

▮ Appellant contends that he meets the requirements for a prima facie case of disability as set out in section 1.05 C of the Listing of Impairments (Appendix 1 to 20 C.F.R. Part 404, Subpart P). These requirements are:

    1.05 *Disorders of the spine:*

    \*    \*    \*    \*    \*    \*

    C. Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

    1. Pain, muscle spasm, and significant limitation of motion in the spine; and

    2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

The medical reports in the record by Doctors' Hertel, Conrad, Schaerer, White and Moka note that Streissel in fact suffers a herniated nucleus pulposus, with pain, muscle spasm, and some limitation of motion in the spine. They also note some sensory and reflex loss. It is not clear whether the reports filed to date reveal medical findings of "appropriate radicular distribution of significant motor loss with muscle weakness," and the ALJ did not comment on this question. In view of the remand necessary

for reasons stated above, Streissel should be given the opportunity to demonstrate the presence of such motor loss with muscle weakness. Further, the ALJ should then make explicit findings on whether Streissel's condition meets the Listing of Impairments.

At oral argument, counsel for the Secretary stated that Streissel had failed to attend a stress test. Disability determination reports dated September 19, 1979 and April 9, 1980 do note that Streissel failed to attend a scheduled neuropsychiatric exam and stress test. He did attend subsequent psychiatric and psychological exams as indicated by reports of October 6, 1980, June 16, 1981, and July 6, 1981. It is unclear from the record whether a further "stress test" was considered necessary after these exams. The ALJ did not note Streissel's missed stress test in his decision. In the event upon remand that the government desires to have any further tests conducted, then Streissel should submit to any examination which his own treating physician concludes will not endanger his health.

For the reasons stated this case is reversed and remanded to the district court with directions to it to remand to the Secretary for action consistent with this opinion.