Odie DOUGLAS, Appellant,

v.

Richard S. SCHWEIKER, Secretary Health & Human Services, Appellee.

No. 83–2525.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1984.

Decided May 23, 1984.

J. Michael Payne, Limbaugh, Limbaugh, Russell & Syler, Cape Girardeau, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, D. Samuel Borin, Atty., Dept. of Health & Human Services, Kansas City, Mo., of counsel.

Before HEANEY, BRIGHT and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

Odie Douglas was born on April 1, 1930. He has a ninth grade education and a high school equivalency diploma. Douglas worked from the time he was 14 years old until he was about 50 years old. During that 35 years, he fully supported himself and his family. His last two jobs were as a laborer for the U.S. Army Corps of Engineers from December of 1962 until April of 1970, and as a construction laborer from July, 1970 to October, 1979. He has not worked since October, 1979. The Secretary concedes that he cannot return to his former job as a construction laborer. Douglas appeals to this Court from decisions by the Secretary and the United States District Court for the Eastern District of Missouri holding that while he could not perform his former duties because of the "bending, standing, walking and lifting requirements," he retained the capacity to perform light or sedentary work. We have no alternative but to reverse and remand.

■ First, the Secretary in her brief states that the burden was on Douglas to establish his inability to do light or sedentary work. This statement is wrong, and the Secretary knows it is wrong. We have stated time after time after time that when a claimant is unable to work at his former job that the burden shifts to the Secretary to prove that the claimant is able to do light or sedentary work in a competitive work setting. *See, e.g., Allred v. Heckler,* 729 F.2d 529, 531 (8th Cir.1984); *Streissel v. Schweiker,* 717 F.2d 1231, 1232 (8th Cir. 1983); *Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Tucker v. Schweiker,* 689 F.2d 777, 779 (8th Cir.1982); *McCoy v. Schweiker,* 683 F.2d 1138, 1146–1147 (8th Cir.1982) (en banc); *Camp v. Schweiker,* 643 F.2d 1325, 1332 (8th Cir.1981). The Secretary has not appealed from our decision on this point in any of the cited cases or in any other cases in which we have so held. Thus, this view is the law of the Circuit and must be followed in all cases in this Circuit. Administrative law judges must recognize and apply this law in their decisions. *Hillhouse v. Harris,* 715 F.2d 428, 430 (8th Cir.1983).

■ Second, the evidence is certainly not of such strength as to permit this Court to hold that as a matter of law Douglas is able to perform light or sedentary work. His testimony, that of his treating physician, Dr. Fred Caldwell, that of a government examining physician, Dr. Richard Gayle, and that of lay witnesses called by Douglas would all support a finding of disability. *Cf. Allred v. Heckler, supra,* 729 F.2d at 531–532.

■ Third, the Secretary failed to properly apply our cases relating to pain. The Secretary may not disregard subjective complaints of pain in determining disability. *See, e.g., Simonson v. Schweiker, supra,* 699 F.2d at 429; *Brand v. Secretary of H.E.W.,* 623 F.2d 523, 526 (8th Cir.1980); *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978).

■ Fourth, Douglas suffers a non-exertional impairment, and so it was inappropri-

ate for the Secretary to use the medical-vocational guidelines. A vocational expert witness was required, *see Tucker v. Schweiker, supra,* 689 F.2d at 780; *McCoy v. Schweiker, supra,* 683 F.2d at 1148.

We reverse and remand to the district court with directions to it to remand to the Secretary. On remand, the Secretary may award benefits to the claimant or give claimant a new hearing promptly, consistent with this opinion.

Costs will be taxed to the Secretary. The mandate of this Court shall issue forthwith.