Anthony C. FAZIO, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

No. 84–2111.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1985.

Decided April 12, 1985.

---

Robert W. Pratt, Des Moines, Iowa, for appellant.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before ROSS and BOWMAN, Circuit Judges, and Oliver*, Senior District Judge.

PER CURIAM.

Anthony Fazio was a 30-year old man with a GED equivalency diploma who worked as a truck driver, warehouseman and construction worker for more than twelve years before he injured his back on May 5, 1981. Following hospitalization and convalescence, on November 20, 1981 he returned to work until back pain forced him to stop. In December 1981 he was diagnosed as having a herniated disc and underwent a laminectomy.

It is undisputed that appellant continued to experience back pain following the surgery. His December 1982 application for disability benefits was administratively denied and the United States District Court for the Southern District of Iowa subsequently affirmed the decision of the Secretary.

\* JOHN W. OLIVER, Senior District Judge, West-

Fazio contended on appeal that the ALJ improperly applied the medical vocation guidelines, the "grid," to direct a finding of no disability and that the district court was not correct in holding that substantial evidence supported the ALJ's finding. We reverse and remand for a proper determination of appellant's residual functional capacity in accordance with *Carpenter v. Heckler,* 733 F.2d 591 (8th Cir.1984).

There is no dispute that Fazio's "allegations of pain and limited capabilities are consistent with, and supported by, the medical evidence of record." The ALJ also found appellant unable to perform his past relevant work. The ALJ further found, nevertheless, that there were "no nonexertional impairments" and that Fazio has the residual functional capacity to perform "the full range of sedentary work." The ALJ did not call upon a vocational expert to testify but relied upon the Secretary's medical-vocational guidelines, the "grid," to direct a finding that appellant is not disabled. This was reversible error.

The district court correctly stated that the ALJ "apparently fails to recognize that the cases consider pain as a nonexertional impairment." The court found, however, that the ALJ's decision was supported by the record, particularly in light of appellant's enrollment in a community college two days before the administrative hearing and in light of appellant's testimony that he felt he could physically work as a physical therapist assistant if his training were complete.

Once the ALJ recognized that Fazio could no longer perform his past work, the burden shifted to the Secretary to prove that he could perform some other substantial gainful activity. *Rhines v. Harris,* 634 F.2d 1076 (8th Cir.1980). Failure to shift this burden is reversible error. *Carpenter v. Heckler,* 733 F.2d 591, 592 (8th Cir.1984). Furthermore, where the Secretary does not explicitly recognize that the burden has shifted, we will not assume that she did so implicitly. *See Allred v. Heckler,* 729 F.2d 529, 531 (8th Cir.1984).

ern District of Missouri, sitting by designation.

Instead of obtaining the testimony of a vocational expert, the ALJ glossed over Fazio's nonexertional pain impairment, to find that appellant could perform "the full range" of sedentary work and therefore applied the "grid." *McCoy v. Schweiker*, 683 F.2d 1138, 1147–48 (8th Cir. 1982) (en banc), and the progeny of that case clearly hold that the "grid" may not be applied unless a claimant can perform the full range of work. Further, the Secretary must show not only that a claimant has the residual functional capacity to do other work, but that there are also jobs available in the national economy which realistically suit claimant's qualifications and capabilities. *McMillian v. Schweiker*, 697 F.2d 215 (8th Cir.1983). Thus, it was not only reversible error to apply the grid in the face of appellant's nonexertional impairments, *Carpenter, supra*, but the ALJ committed reversible error because he took no other evidence of whether there were sedentary jobs available which someone with appellant's qualifications and limitations could perform. We think that it is evident that this case must be reversed and remanded for a determination of appellant's residual functional capacity to be made without resort to the "grid." Reversed and remanded.

It is so ordered.