**Clarence H. BROWN, Appellant,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Appellee.**

No. 85–1521.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided April 1, 1986.

---

James W. Stanley, Jr., N. Little Rock, Ark., for appellant.

Mary Beth McNamara, Baltimore, Md., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Clarence Brown appeals from an order of the district court granting summary judgment for the Secretary of Health & Human Services and sustaining the Secretary's denial of his claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423(a) (1982 & Supp. III 1984). Because the Administrative Law Judge (ALJ), after finding that Brown could not perform his past work, failed to shift to the Secretary the burden of proving that Brown is capable of performing other work in the national economy, we reverse the order of the district court and remand the cause for further proceedings consistent with this opinion.

Brown is thirty-eight years old and had worked as a chemist's helper. This work required him to stand for long periods and to lift up to 125 pounds. Brown has not been gainfully employed since March 1982 when he sustained a back injury. Later that year he underwent surgery for a ruptured disk. Brown applied for a period of disability and disability insurance benefits on October 13, 1982. His application was denied initially and on reconsideration. Brown then requested and received a hearing before an ALJ. Again disability benefits were denied. The appeals council approved that decision. Brown then filed an action for judicial review in the district court which granted summary judgment in the Secretary's favor. This appeal followed.

The ALJ found that the medical evidence establishes that the claimant has "severe degenerative arthritis of the lumbosacral spine superimposed on [sic] history of back injury with some resulting pain, but that his impairments do not equal one listed in Appendix 1, Subpart P, Regulations No. 4." *In re Clarence H. Brown*, Mem. at 6 (June 27, 1983). The ALJ also found that Brown's allegations of constant, severe, totally disabling lower back and lower extremity pain were not credible in light of the record. *Id.* The ALJ concluded:

> After having carefully reviewed the record in this case, the Administrative Law Judge must find that while claimant has established the presence of a condition that would constitute a severe impairment and significantly interferes with his ability to perform basic work activities and which * * * does preclude him from performing his previous work activity, he has failed to establish that he is precluded from all types of work activity.

*Id.* at 5.

We have held repeatedly that once a claimant shows disabilities which prevent

performance of his or her prior relevant work, the burden shifts to the Secretary to establish that there is other work in the national economy which that claimant can perform. *Ulrick v. Heckler*, 780 F.2d 1381, 1382 (8th Cir.1985); *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985); *Holland v. Heckler*, 768 F.2d 277, 280 (8th Cir.1985).

The record clearly shows that the ALJ, having found that Brown's impairments precluded him from returning to his prior work, expressly placed on Brown the burden of proving that "he is precluded from all types of work activity." *In re Clarence H. Brown*, Mem. at 5. This is in clear violation of our repeated directive in these cases. We find this error a sufficient basis on which to reverse the judgment of the district court.

We note, further, that the ALJ found that Brown's allegations of severe pain was not credible "when viewed in the light of the preponderance of the medical evidence of record * * *." *Id.* at 6. The medical record alone is an insufficient basis on which to evaluate Brown's subjective complaints. In *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984), we held that an ALJ may not disregard a claimant's subjective complaints of pain solely because the objective medical evidence does not fully support them. *Id.* at 948. The absence of an objective medical basis supporting the claimant's subjective complaints is only one of a number of factors which we have held must be considered. *Id.* The same standard applies to the analysis of complaints of mental impairments. On remand, Brown's complaints of pain should be evaluated consistently with the standard set forth in *Polaski*.

We reverse the judgment of the district court and remand with directions that the case be remanded to the Secretary for further proceedings consistent with this opinion.