**Richard M. BRADSHAW, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services of the United States, Appellee.**

**No. 85–2516.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1986.

Decided Feb. 2, 1987.

Robert W. Pratt, Des Moines, Iowa, for appellant.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and TIMBERS,* Senior Circuit Judge.

LAY, Chief Judge.

Richard Bradshaw appeals to this court from a decision of the district court which affirmed the decision of the Secretary of Health and Human Services denying Bradshaw's application for disability benefits.

## Background

The claimant, age forty-two, alleges that he suffers from disabling degenerative joint disease in his right hip. He testified at his administrative hearing that his hip causes him constant pain which allows him to walk only a few feet at a time before he must sit down and rest. He claims he is not capable of standing for extended periods of time and he is unable to bend, stoop, or squat. The hip problem also causes him to fall occasionally. Bradshaw further testified that the hip pain often keeps him awake at nights and has prevented him from pursuing his hobby of fishing. He is able, however, to do light household chores and can drive his car short distances.

Bradshaw has a limited educational background; his reading and writing abilities are limited as is his understanding of math. He has never received any kind of vocational training. He testified that he has difficulty concentrating and is easily distracted, conditions which he contends are at least partially caused by his hip pain. He also claims to have difficulty understanding what is said to him and has difficulty handling stress to an extent.

Dr. David McClain, Bradshaw's treating physician, diagnosed Bradshaw's hip condition as degenerative joint disease which decreased his range of motion. McClain prescribed pain killers for Bradshaw recommending that he stop working as a custodian, a position he had held for seventeen years, and seek vocational training for work not involving manual labor. Bradshaw was also examined by a consulting physician, Dr. L.R. Brewer. Dr. Brewer diagnosed probable right hip joint disease noting that when Bradshaw stood, he bore most of his weight on his left side and limped noticeably. Brewer found no severe limitation of motion in the hip and no atrophy in the area. He found no neurological or pulmonary deficiencies.

Upon consideration of this evidence, the Social Security Administrative Law Judge (ALJ) concluded that Bradshaw's hip problems constituted a severe impairment which prevented him from continuing his past relevant work as a custodian. Based on Dr. McClain's recommendation of vocational retraining, however, the ALJ determined that Bradshaw has the residual func-

* The HONORABLE WILLIAM H. TIMBERS, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

tional capacity to perform sedentary work. The ALJ believed that any emotional stress that Bradshaw may have been experiencing was due to the anxiety over his unemployment. Accordingly, the ALJ issued a finding of "not disabled" and denied Bradshaw's application for benefits. This decision was affirmed on appeal by the district court.[1]

### Discussion

■ In the present case, the ALJ erred in two respects. Once the claimant proved that his hip impairment was severe enough to prevent him from continuing his work as a custodian, the burden of proving that he was not disabled within the meaning of the Act shifted to the Secretary. The ALJ failed to properly allocate this burden here. We have held consistently that where the Secretary fails to acknowledge the burden of proof one way or another, it must be assumed that the burden improperly remained on the claimant. *See, e.g., Dover v. Bowen,* 784 F.2d 335, 337 (8th Cir.1986); *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985). Such cases require reversal and a remand except in those rare instances where the outcome would be clear regardless of who shoulders the burden of proof. *See Lanning,* 777 F.2d at 1317.

■ We disagree with the district court's finding that the allocation of the burden of proof in this case would not have affected the ALJ's decision and that Bradshaw would have lost regardless of which party shouldered the burden in this case. The allocation of the burden of proof in this case could be critical. Bradshaw has a serious hip problem which the Secretary acknowledges is painful. Evidence was presented that this pain often continued regardless of whether Bradshaw was engaged in physical activity or sedentary activity and there was no evidence to contradict this. The Secretary, however, discounted the allegations of sedentary pain and found Bradshaw capable of sedentary work. We must assume that the Secretary placed on Bradshaw the burden of proving he was not capable of sedentary work. However, given the nature of the evidence presented in this case, we believe that had the burden been properly given to the Secretary, a different result may well have obtained.

■ The Secretary's decision as it now stands is not supported by substantial evidence on the record as a whole. The only support for the ALJ's determination was an inference he drew from Dr. McClain's opinion. The ALJ observed:

> In addition to the limitations listed above, the claimant has indicated that he .is incapable of prolonged sitting. Dr. McClain was of a similar opinion but went on to state that the claimant should, and presumably could, be retrained in work other than manual.labor. From this recommendation the undersigned concludes that the claimant has the sitting capacity compatible with sedentary work.

What Dr. McClain actually concluded was this:

> Mr. Bradshaw was treated for degenerative joint disease of the right hip. He is noted to have decreased range of motion, negative McMurray sign, negative drawer sign. The right knee gives out and patient has constant pain. Walking is most difficult for Mr. Bradshaw. Prolonged sitting and/or standing increases his discomfort. Climbing would be almost impossible for him to do. He has obtained out-patient physio-therapy at Des Moines General Hospital, 603 E. 12th Street, Des Moines, Iowa 50307. I recommended job retraining into an area other than manual labor. His present medication is Easperin. Mr. Bradshaw was released to return to work on August 20, 1984, however it would be to Mr. Bradshaw's best interests to obtain job retraining into a field other than manual labor.

---

1. The Honorable William C. Stuart, United States District Court for the Southern District of Iowa, presiding.

McClain's observations do not constitute "evidence that a reasonable mind might accept as adequate to support a conclusion" that Bradshaw is capable of sedentary work. *See, e.g., Smith v. Schweiker,* 728 F.2d 1158, 1162 (8th Cir.1984). There is no evidence that Dr. McClain is a vocational expert or that he understands the definition of sedentary work within the meaning of the regulations. Although this evidence could be construed to support the Secretary's conclusion, it is not, in and of itself, an adequate basis on which to make a finding of "not disabled." Dr. McClain's statement that Bradshaw has increased discomfort with prolonged sitting detracts from his recommendation of job retraining. *See Universal Camera Corp. v. National Labor Relations Bd.,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.")

■ The second way in which the ALJ erred was by not utilizing expert vocational testimony to determine whether there are jobs available in the national economy which Bradshaw has the capacity to perform. He instead turned to the medical-vocational guidelines and determined that Bradshaw was not disabled. We think this was error. This court has invariably held that where a claimant suffers from a nonexertional impairment, the guidelines "are not controlling and cannot be used to direct a conclusion of disabled or non-disabled." *Haynes v. Heckler,* 716 F.2d 483, 485 (8th Cir.1983). Thus, where a claimant suffers in whole or in part from a nonexertional impairment, his "characteristics do not identically match those set forth in the guidelines and vocational expert testimony is required for the Secretary to determine whether there are jobs available that a person with the claimant's particular characteristics can perform." *Jelinek v. Heckler,* 764 F.2d 507, 511 (8th Cir.1985). Only where the ALJ shows, by vocational expert testimony or other evidence, that the nonexertional impairment does not limit the claimant's ability to perform all of the jobs contemplated by, in this case, sedentary

work as defined in 20 C.F.R. § 404.1567(a) (1986), may the grid be applied. *See Tucker v. Heckler,* 776 F.2d 793, 796 (8th Cir. 1985); *Hunt v. Heckler,* 748 F.2d 478, 481 (8th Cir.1984). In this case, the evidence is undisputed that pain does limit Bradshaw's performance in doing even sedentary work.

■ Furthermore, the ALJ made a finding of "not disabled" without the benefit of any vocational expert testimony. Instead, he stated that he took the limitations imposed by Bradshaw's pain into account in formulating Bradshaw's residual functional capacity. However, residual functional capacity is a medical factor which is defined wholly in terms of the claimant's physical ability to perform certain *exertional* tasks. *See McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir.1982) (en banc). The appropriate evaluation is for the ALJ to determine the claimant's residual functional capacity apart from the nonexertional limitations. After making findings as to the claimant's age, education, and previous work experience, *see id.* at 1142, the ALJ must present them as well as any findings he makes pertaining to allegations of pain to a vocational expert in the form of a hypothetical question. The question must state with precision the physical and mental impairments of the claimant. *Ulrick v. Heckler,* 780 F.2d 1381, 1382 (8th Cir.1985). From the expert's testimony, the ALJ can determine whether jobs exist in the national economy that claimant is capable of performing thus satisfying the second prong of the Secretary's burden of proof.

This procedure was not utilized in this case. Accordingly, we reverse the decision of the district court and remand with instructions for a rehearing conforming to the procedures and mandates set forth in this opinion.