Cheryl J. DAVIS, Plaintiff,

v.

John CALLAHAN, Ph.D.,[1] Commissioner of Social Security, Defendant.

No. 4–96–CV–90706.

United States District Court, S.D. Iowa, Central Division.

Sept. 18, 1997.

---

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is hereby substituted for Shirley S. Chater as defendant in this action.

Gregory W. Peterson, Des Moines, IA, for Plaintiff.

Inga Bumbary-Langston, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## RULING ON DEFENDANT'S MOTION TO ALTER OR AMEND

PRATT, District Judge.

### INTRODUCTION

The Court has Defendant's resisted Motion to Alter or Amend the Court's Order of August 12, 1997, in which it was ordered that benefits are to be awarded to Plaintiff. The Commissioner argues that the Court improperly held that the Commissioner, having found Plaintiff incapable of returning to past relevant work, bears the burden of proving with medical evidence that Plaintiff has the residual functional capacity (RFC) to do other work in the national economy and that this burden must be acknowledged by the ALJ. Counsel for the Commissioner wrote: "It appears that the Court in this case is attempting to establish a new burden of proof, i.e. proving the claimant's RFC with medical evidence." Finally, the Commissioner prays that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g). For the reasons discussed herein, the Commissioner's Motion to Alter or Amend is denied.

### BURDEN OF PROOF

■ In *Davis v. Callahan*, 985 F.Supp. 907, 1997 WL 461598 (S.D.Iowa), the Court cited *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc): "This [the Commissioner's] burden includes the duty to establish by medical evidence that the claimant has the requisite RFC." The court also cited *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir.1983), in which the court wrote: "[The Commissioner] must first prove that the claimant retains the capacity to do other kinds of work, a burden which includes 'the duty to establish by medical evidence that the claimant has the requisite RFC [residual functional capacity]. " '

In *Ford v. Secretary of Health and Human Services*, 662 F.Supp. 954 (W.D.Ark. 1987), Circuit Judge Arnold, sitting by designation as the district court, held that the Secretary had not met the burden of proving that Ford has a residual functional capacity for sedentary work. Judge Arnold wrote:

So far, this Court can see no evidence of any substance to support a finding that Ford has the RFC to do even sedentary work, especially in view of the fact that the claimant is without any relevant useful skills. The only evidence that would even arguably enable the *Secretary to carry his burden* is a form filled out by Dr. Pandit, the consulting physician, called "Medical Assessment of Ability to do Work–Related Activities (Physical)."

*Ford v. Secretary,* 662 F.Supp. at 956 (emphasis added). Judge Arnold also made clear that residual functional capacity is a medical question. *Id.* at 955.

*McCoy* and *O'Leary* are cases that are cited often for the proposition that the Commissioner must bear the two pronged burden, but they are neither the first nor the last in a long line of cases that hold this point of law. For example, in *Carlson v. Schweiker,* 715 F.2d 401, 402 (8th Cir.1983), the Court wrote:

> Our decisions make it clear that once a claimant has successfully demonstrated that he or she is incapable of returning to his or her previous work because of disability, the burden of proof shifts to the Secretary to prove that the claimant can perform some other work in the national economy. See, e.g., *O'Leary v. Schweiker,* 710 F.2d 1334 at 1337–1338 (8th Cir.1983); *Simonson v. Schweiker,* 699 F.2d 426,428 (8th Cir.1983); *McDonald v. Schweiker,* 698 F.2d 361,364 (8th Cir.1983); *McCoy v. Schweiker,* 683 F.2d 1138, 1146–47 (8th Cir.1982) (en banc). In Carlson's case the ALJ recognized that Carlson was not able to return to his previous work as a boilermaker because of a cervical injury. At this point the burden of proof shifted to the Secretary to establish that Carlson has the residual ability to do some other kind of work. However, in finding that Carlson had "the physical ability to engage in at least 'sedentary' work" the ALJ stated:

>> That the record of evidence establishes that the claimant has not furnished proof of the existence of any physical impairment, or combination of impairments, which have lasted or could have been expected to last for a continuous period of not less than 12 months, which have precluded him from engaging in "any substantial gainful activity;" * * * (Emphasis added.)

There is no reference, either in the transcript of Carlson's hearing or in the ALJ's decision, indicating that the ALJ recognized that the burden of proof shifted to the Secretary to show that Carlson could perform sedentary work. To the contrary, the ALJ clearly placed the burden on Carlson to show he could not do sedentary work. Therefore, we must remand this case for further proceedings in accordance with the proper allocation of the burden of proof. *O'Leary v. Schweiker,* supra, 710 F.2d 1334 at 1338.

In *Nettles v. Schweiker,* 714 F.2d 833, 836 (8th Cir.1983), the Court, quoting *McCoy,* wrote that after a claimant establishes that he or she is unable to do past relevant work, the Secretary, now the Commissioner, must prove, with medical evidence, that the claimant has the residual functional capacity for other work. The Court, at 838, held, among other things, that the Administrative Law Judge had failed to shift the burden of proving that Nettles has a residual functional capacity to do some work in the economy.

In *McDonald v. Schweiker,* 698 F.2d 361, 364 (8th Cir.1983), the Court noted that McDonald had shown that she was unable to do her past relevant work, and thus "the burden shifts to the Secretary to show that a claimant has the residual ability to do some other kind of work." "The Secretary," wrote the Court, "retains the burden of proof of establishing a claimant's RFC by substantial evidence." In *McGhee v. Harris,* 683 F.2d 256, 260 (8th Cir.1982), the Court held there was no substantial evidence in the record to support a conclusion that the claimant had the residual functional capacity to perform light or sedentary work. In *Stone v. Harris,* 657 F.2d 210 (8th Cir.1981), the Court held that the shift in the burden of proof had been noted by the court "time and again". The Court held the Secretary had failed to carry his burden because the finding that Stone could do sedentary work had been reached "by virtually ignoring reports of Stone's psychological problems." *Id.*

In *Bastian v. Schweiker*, 712 F.2d 1278 (8th Cir.1983), the issue was whether or not the claimant was able to do sedentary work. The Court, citing *McCoy*, 683 F.2d at 1147, said the "assessment of a claimant's residual functional capacity would generally be the most critical question and that an ALJ's assessment of residual functional capacity must be a realistic evaluation of a claimant's 'ability to perform the requisite physical acts day in and day out in the sometimes competitive and stressful conditions in which real people work in the real world.'" The Court went on:

> We believe that the ALJ proceeded on the erroneous premise that although appellant could not perform light work, she was presumed capable of sedentary work until she proved otherwise. In *Simonson v. Schweiker*, 699 F.2d 426, 428 (8th Cir. 1983), this court condemned placing the burden on a claimant to "show that he could not perform these lighter categories of work." We stated that the "Secretary [, not the claimant] must offer substantial evidence of [the claimant's] actual ability to work before job availability in the economy becomes relevant." *Id.* See also *O'Leary v. Schweiker*, 710 F.2d 1334 at 1337–1339 (8th Cir.1983)

*Bastian*, 712 F.2d at 1281.

## BURDEN MUST BE ACKNOWLEDGED AND PROPERLY ALLOCATED

In the government's brief, Counsel takes issue with this Court's citation to *Allred v. Heckler*, 729 F.2d 529 (8th Cir.1984), for the proposition that a failure to recognize the shift in the burden of proof is reversible error. Counsel wrote:

> *Allred* relies on Eighth Circuit case law which states that "if it is determined that a claimant cannot return to the work he or she formerly performed, the burden shifts to the [Commissioner] to prove that the claimant can perform other work in the economy." *Jackson v. Schweiker*, 696 F.2d 630, 631 n. 1 (8th Cir.1983)(per curiam). Thus, *Allred* does not state that the Commissioner has the burden to prove plaintiffs RFC with medical evidence.

Interestingly enough, the *Jackson* case was cited by the Court of Appeals in *Streissel v. Schweiker*, 717 F.2d 1231, 1232 (8th Cir.1983), wherein it is written:

> It was conceded at an early stage of the proceedings that Streissel could not return to the job that he had held for many years as a skilled machinist. The burden of proving that he could do light or sedentary work in a competitive work setting thus fell on the Secretary. Neither the administrative law judge (ALJ) nor the Secretary recognized that the Secretary had this burden. The government in its brief before this Court still fails to recognize this fact. We cannot assume that the ALJ or the Secretary would have reached the decision that they did had they properly apportioned the burden of proof. See *Jackson v. Schweiker*, 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Tucker v. Schweiker*, 689 F.2d 777, 779 (8th Cir.1982); *Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir. 1982).

■ A citation to *Jackson* was also made, along with *O'Leary*, in *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983), for the proposition that the Commissioner bears a two pronged burden at step 5 of the sequential evaluation. *Jackson* was cited again in *Carpenter v. Heckler*, 733 F.2d 591, 592 (8th Cir.1984), wherein the Court wrote: "... but nothing in the record indicates that the ALJ then shifted the burden to the Secretary to prove that Carpenter *could* perform some other substantial gainful activity. We have repeatedly held that failure to shift this burden is reversible error." (Emphasis added). *Jackson*, was cited in *Douglas v. Schweiker*, 734 F.2d 399, 400 (8th Cir.1984), when the Court wrote:

> First, the Secretary in her brief states that the burden was on Douglas to establish his inability to do light or sedentary work. This statement is wrong, and the Secretary knows it is wrong. We have stated time after time after time that when a claimant is unable to work at his former job that the burden shifts to the Secretary to prove that the claimant is able to do light or sedentary work in a competitive work setting. See, e.g., *Allred v. Heckler*,

729 F.2d 529, 531 (8th Cir.1984); *Streissel v. Schweiker,* 717 F.2d 1231, 1232 (8th Cir.1983); *Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Tucker v. Schweiker,* 689 F.2d 777, 779 (8th Cir. 1982); *McCoy v. Schweiker,* 683 F.2d 1138, 1146–1147 (8th Cir.1982) (en banc); *Camp v. Schweiker,* 643 F.2d 1325, 1332 (8th Cir.1981). The Secretary has not appealed from our decision on this point in any of the cited cases or in any other cases in which we have so held. Thus, this view is the law of the Circuit and must be followed in all cases in this Circuit. Administrative law judges must recognize and apply this law in their decisions. *Hillhouse v. Harris,* 715 F.2d 428, 430 (8th Cir.1983).

In *Smith v. Schweiker,* 728 F.2d 1158, 1163 (8th Cir.1984), Judge Bowman wrote:

Because Smith established the inability to return to her former job as a meat packer, the ALJ should have shifted the burden of proof to the Secretary to come forward with evidence that Smith has the requisite residual functional capacity and vocational qualification to do other jobs which exist in the national economy. See, e.g., *Baugus v. Secretary of HHS,* 717 F.2d 443 (8th Cir. 1983); *O'Leary v. Schweiker,* 710 F.2d 1334 (8th Cir.1983).

The requirement that the shift in the burden of proof be acknowledged by the ALJ was noted again in *Marshall v. Heckler,* 731 F.2d 555, 556 (8th Cir.1984). In *Nunn v. Heckler,* 732 F.2d 645, 649 (8th Cir.1984), the Court cited *O'Leary,* 710 F.2d at 1337, stating: "When a claimant has demonstrated an inability to return to her former work, the burden shifts to the Secretary to establish the presence of other jobs in the economy that a claimant *can* perform." (Emphasis added). In *Ledoux v. Schweiker,* 732 F.2d 1385, 1388 (8th Cir.1984) the Court, having noted the Secretary had found Ledoux's impairments were sufficiently severe to preclude past relevant work, wrote: "The burden then shifted to the Secretary to prove Ledoux had the requisite residual functional capacity and vocational qualifications to do other jobs which exist in the national economy."

In *Parsons v. Heckler,* 739 F.2d 1334, 1339–1340 (8th Cir.1984), the Court stated that after finding Parsons incapable of returning to his past relevant work, "the ALJ should have shifted the burden of going forward with evidence to demonstrate, through vocational expert testimony, jobs in the national economy which the claimant was capable of performing." The Court also stated: "The Secretary's determination regarding the ability of a claimant to perform jobs in the national economy must take into account the actual ability of the claimant to find and hold a job in the real world." In other words, the Secretary's now the Commissioner's burden includes the duty to determine the claimant's ability to work. As Judge Arnold said in *Ford v. Secretary of Health and Human Services,* 662 F.Supp. 954, 955 (W.D.Ark.1987), the determination of residual functional capacity is a medical question.

In *Hunt v. Heckler,* 748 F.2d 478, 479–480 (8th Cir.1984), the Court put the two pronged burden of proof squarely on the shoulders of the ALJ. The Court wrote:

A. Burden of Proof

This court has held on many occasions that once the claimant has shown a disability that prevents him from returning to his previous line of work, the burden shifts to the ALJ to show that there is other work in the national economy that he could perform. See, e.g., *Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445–46 (8th Cir.1983); *Nettles v. Schweiker,* 714 F.2d 833, 835–36 (8th Cir. 1983); *O'Leary v. Schweiker,* 710 F.2d 1334, 1337 (8th Cir.1983). The evidence is clear that Hunt was unable to perform the lifting and standing required at his former job. Therefore, the burden was on the ALJ to establish with substantial evidence that Hunt has the capacity to do other kinds of work and that, considering his qualifications and capabilities, there is some work in the national economy that he can perform. *McCoy v. Schweiker,* 683 F.2d 1138, 1146–47 (8th Cir.1982) (en banc).

In *Fazio v. Heckler,* 760 F.2d 187, 188 (8th Cir.1985), the court wrote that a finding that Fazio could not do his past relevant work

required that the burden of proof be shifted to the Secretary to prove that he could perform some other substantial gainful activity. The Court wrote that failure to shift the burden of proof is reversible error and that where the Secretary does not explicitly recognize that the burden has shifted, the court will not assume that the burden was in fact shifted. The court went on: "Further, the Secretary must show not only that a claimant has the residual functional capacity to do other work, but that there are also jobs available in the national economy which realistically suit claimant's qualifications and capabilities." *Fazio*, 760 F.2d at 189.

In *Bogard v. Heckler*, 763 F.2d 361, 363 (8th Cir.1985), the Court held that the Secretary's failure to prove Bogard was capable of performing light work required reversal. The Court wrote: "Neither the ALJ nor the district court substantiated the conclusion that Bogard has the residual ability to do 'light work' as defined in 20 C.F.R. § 404.1567."

In *Jelinek v. Heckler*, 764 F.2d 507 (8th Cir.1985), the Court agreed with Jelinek that, having found him incapable of doing his past relevant work, the Secretary bore the burden of proving he had a residual functional capacity for other work and that other work exists. The Court also agreed that this rule must be recognized and used "explicitly". *Jelinek*, 764 F.2d at 509. Jelinek contended that there was not substantial evidence to support the finding he had the residual functional capacity to do light work. *Id.* Jelinek argued the Secretary had failed to give adequate consideration to his complaints of pain vis-a-vis amendments to the Social Security Act found at 42 U.S.C. § 423(d)(5) and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984). The Court found that the ALJ's residual functional capacity finding was supported by the medical evidence. *Jelinek*, 764 F.2d at 511. The case was remanded, however, because the Secretary had failed to meet the second prong of the burden of proof—the duty to establish the existence of jobs in the national economy. *Id.*

In *Holland v. Heckler*, 768 F.2d 277, 280 (8th Cir.1985), the Court wrote:

A. Burden of Proof.

The evidence is clear that Holland could not return to her previous work, and thus, the ALJ's conclusion to this effect was correct. Consequently, the burden of proof shifted to the Secretary to show there is other work in the national economy that Holland could perform. *Nunn v. Heckler*, 732 F.2d 645, 649 (8th Cir.1984); *Jackson v. Schweiker*, 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Gilliam v. Califano*, 620 F.2d 691, 693 (8th Cir.1980). The Secretary has the burden of establishing a claimant's residual functional capacity by substantial evidence. *McDonald v. Schweiker*, 698 F.2d 361, 364 (8th Cir. 1983). The Secretary failed to show that Holland was capable of performing sedentary work as defined in 20 C.F.R. § 404.1567(a). [FN1] The Secretary, in fact, offered no evidence of Holland's abilities, nor was a vocational expert called to testify.[FN2]

Because the ALJ failed to shift the burden to the Secretary, we find this to be reversible error.

FN1. Sedentary work is defined at 20 C.F.R. § 404.1567(a) as:

(a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

FN2. We note that the ALJ applied the grid and found Holland to be disabled. However, as we note in Section 3 of this opinion, application of the grid was error.

In *Lanning v. Heckler*, 777 F.2d 1316 (8th Cir.1985), the Court remanded the case because the ALJ had not properly indicated who had the burden of proving whether Lanning was able to perform any substantial gainful activity. The court wrote:

It is conceded by the Secretary and the ALJ that Lanning is unable to perform his past relevant work as police officer, detective and security guard. The question, thus, is whether Lanning can perform other work. The ALJ found that he could perform sedentary work. In making this decision, the ALJ did not properly indicate who had the burden of proof. This Court has consistently held that if the claimant is not able to return to his former job, the burden of proof shifts to the Secretary to establish that there is other work in the national economy that he can perform. See e.g., *Holland v. Heckler*, 768 F.2d 277, 280 (8th Cir.1985); *McDonald v. Schweiker*, 698 F.2d 361, 364 (8th Cir.1983). Additionally, if the ALJ fails to expressly recognize this shift in the administrative decision, we must assume that the burden of proof was improperly allocated. E.g., *Fazio v. Heckler*, 760 F.2d 187, 188 (8th Cir.1985) (per curiam); *Allred v. Heckler*, 729 F.2d 529, 531 (8th Cir.1984) (Court unwilling to assume implicit recognition of shift in burden of proof). Here, the ALJ failed to recognize that the burden of proof shifted to the Secretary. Since this is not a case where we can say for certain that the claimant either would have won or lost irrespective of who shouldered the burden of proof, we must remand. See e.g., *Douglas v. Schweiker*, 734 F.2d 399, 400 (8th Cir.1984) (evidence not strong enough to hold as a matter of law that claimant able to perform light or sedentary work); *Allred*, 729 F.2d at 531 (evidence not so strong that proper application of burden of proof would be irrelevant).

*Lanning*, 777 F.2d at 1317. In a case filed the same day, *Florer v. Heckler*, 777 F.2d 1321 (8th Cir.1985), the Court again held that it was error for the ALJ, having found that Florer was unable to do his past relevant work, not "to indicate who bore the burden of proving whether the claimant *was able* to perform any substantial gainful activity." (Emphasis added). *Lanning* was cited by the court of appeals in *Benson v. Heckler*, 780 F.2d 16, 18 (8th Cir.1985), wherein the Court stated Benson had satisfied her burden of demonstrating her impairments prevented her from performing past relevant work. The court remanded the case for development of the functional restrictions resulting from her impairments.

On remand we remind the ALJ that "[t]his court has consistently held that if the claimant is not able to return to his former job, the burden of proof shifts to the Secretary to establish that there is other work in the national economy that he can perform." *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985). The Secretary must "expressly recognize this shift in the administrative decision." *Id.*

*Lanning, Holland,* and *Allred* were cited in *Ulrick v. Heckler*, 780 F.2d 1381, 1382 (8th Cir.1985), for the proposition that if a claimant is unable to return to past relevant work the burden shifts to the Commissioner to prove that the claimant is able to perform other work in the national economy and that the ALJ must expressly recognize the shift in the burden. In *Webber v. Secretary, Health & Human Services*, 784 F.2d 293, 297 (8th Cir.1986), the Court held once a finding has been made that the claimant can not return to past relevant work, "the burden of proof shifted to the Secretary to show the existence of other jobs in the national economy Webber *is capable of performing.*" (Emphasis added). In *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir.1986), the Court held that it is reversible error for the ALJ not to expressly recognize that the Secretary has the burden to prove that a claimant who cannot do past relevant work "could perform other jobs in the national economy." In *Brown v. Heckler*, 787 F.2d 447, 448–449 (8th Cir. 1986), the ALJ wrote that the claimant had shown that he had severe impairments which prevented him from doing his past relevant work but had "failed to establish that he is precluded from all types of work activity". "This", the Court wrote, "is in clear violation of our repeated directive in these cases." In *Kirksey v. Heckler*, 808 F.2d 690, 692 (8th Cir.1987), the court held that the ALJ and the Secretary, having found Kirksey was incapable of performing his past relevant work, had failed to follow the law "now well established in this circuit" of proving the existence

of jobs that "Kirksey is capable of performing given the nature of his impairment".

The two pronged burden of proof was discussed by Chief Judge Lay in *Lewis v. Heckler*, 808 F.2d 1293, 1297 (8th Cir.1987). There Judge Lay held the Secretary's burden of proving Lewis' residual functional capacity for light work had been met with medical opinions. The court wrote:

> However, there is a second element to the Secretary's burden which we believe the Secretary failed to meet. In addition to establishing that Lewis was capable of performing some other type of work, the Secretary must also show that jobs exist in the national economy that realistically suit the claimant. *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir.1983).

In *Bradshaw v. Heckler*, 810 F.2d 786, 789 (8th Cir.1987), the Court wrote:

> Once the claimant proved that his hip impairment was severe enough to prevent him from continuing his work as a custodian, the burden of proving that he was not disabled within the meaning of the Act shifted to the Secretary. The ALJ failed to properly allocate this burden here. We have held consistently that where the secretary fails to acknowledge the burden of proof one way or another, it must be assumed that the burden improperly remained on the claimant.... Such cases require reversal and a remand except in those rare instances where the outcome would be clear regardless of who shoulders the burden of proof.

(Citations omitted). Because the burden of proof had not been expressly shifted, the Court wrote: "We must assume that the Secretary placed on Bradshaw the burden of proving he was not capable of sedentary work." In other words, it is the Commissioner's burden of proving that a claimant, who is incapable of doing past relevant work, has a residual functional capacity for other work, and that burden must be explicitly acknowledged. The Court also held that the Secretary, in *Bradshaw*, had failed to prove the second prong of the burden, which is the existence of jobs in the national economy. At the conclusion of the opinion, Chief Judge Lay wrote:

Instead, he [the ALJ] stated that he took the limitations imposed by Bradshaw's pain into account in formulating Bradshaw's residual functional capacity. However, residual functional capacity is a medical factor which is defined wholly in terms of the claimant's physical ability to perform certain exertional tasks. See *McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir.1982)(en banc). The appropriate evaluation is for the ALJ to determine the claimant's residual functional capacity apart from the nonexertional limitations. After making findings as to the claimant's age, education, and previous work experience, see *id.* at 1142, the ALJ must present them as well as any findings he makes pertaining to allegations of pain to a vocational expert in the form of a hypothetical question. The question must state with precision the physical and mental impairments of the claimant. *Ulrick v. Heckler*, 780 F.2d 1381, 1382 (8th Cir.1985). From the expert's testimony, the ALJ can determine whether jobs exist in the national economy that claimant is capable of performing thus satisfying the second prong of the Secretary's burden of proof.

*Bradshaw v. Heckler*, 810 F.2d at 790.

In *Rainey v. Bowen*, 814 F.2d 1279, 1282 (8th Cir.1987), Judge Magill, writing for the Court, held that "the ALJ's failure to expressly shift the burden to the Secretary to show Rainey's residual capacity for light work is reversible error."

In *Talbott v. Bowen*, 821 F.2d 511, 514 (8th Cir.1987), the Court noted that the ALJ, without indicating which party bore the burden of proof, concluded that Talbott was unable to perform his past relevant work, but that there was light work Talbott could do. The district court affirmed the decision although it was noted that it was err not to expressly shift the burden of proof. The Court of Appeals wrote:

> If the ALJ finds that the claimant cannot return to his past relevant work, the burden of proof shifts to the Secretary, who then has the duty to establish that the claimant is not disabled within the meaning of the Act. (Citations omitted) This

court requires that the ALJ expressly recognize this shift in his written decision and when he fails to do so, we will assume that the burden improperly remained on the claimant to prove he was disabled.... In presenting evidence that a claimant is not disabled, the Secretary must prove by medical evidence that the claimant has the residual functional capacity to do other kinds of work and that there are jobs available in the national economy that realistically suit the claimant. *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir. 1983).

*Talbott*, 821 F.2d at 514–515. In *Struempler v. Bowen*, 822 F.2d 40, 41 (8th Cir.1987) the Court held that it is "established law" that when the claimant demonstrates that he or she is unable to do past relevant work, "the burden is on the Secretary to prove that the claimant is capable, within his physical and mental limitations, of performing some other job which exists in the national economy."

In *Douglas v. Bowen*, 836 F.2d 392, 393 (8th Cir.1987), the Court noted that in the first appeal from the affirmation by the district court, the Court of Appeals had reversed because, among other things, the Secretary had failed to assume the burden of proving residual functional capacity. The Court wrote: "The question before us is whether there is substantial evidence in the record to support the Secretary's finding that Douglas had the residual functional capacity to perform sedentary or light work. The Secretary has the burden of proof on this issue."

In *Butler v. Secretary of Health and Human Services*, 850 F.2d 425, 426–427 (8th Cir.1988), the Court wrote: "The Secretary concedes Butler met his burden of proving he could no longer perform his past relevant work as a roofer. It thus becomes the Secretary's burden to prove by medical evidence that the claimant has the residual functional capacity to do other kinds of work and that there are jobs in the national economy which realistically suit the claimant."

In *Buck v. Bowen*, 885 F.2d 451, 454–455 (8th Cir.1989), the Court, having recited the law regarding the allocation of the burden of proof, first held that the ALJ's finding that Buck had a residual functional capacity for a full range of work was not supported by the medical evidence, then held that ALJ's second error was in using the Vocational Guidelines to establish the existence of work in the national economy.

In *Pope v. Bowen*, 886 F.2d 1038, 1040 (8th Cir.1989), the Court restated the law that upon a finding that the claimant cannot do past relevant work, the ALJ must expressly acknowledge the shift in the burden of proof and failure to do so will constitute reversible error. The Court wrote: "In particular, the Secretary must establish that there is substantial evidence which supports a finding that the claimant can perform the requisite physical acts 'day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" citing *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982)(en banc).

In *Lubinski v. Sullivan*, 952 F.2d 214 (8th Cir.1991), the Court affirmed the denial of benefits. The Court held that the evidence that Lubinski could do light and medium work was so strong that the proper allocation of the burden of proof was unnecessary.

In *Gude v. Sullivan*, 956 F.2d 791 (8th Cir.1992), the ALJ found that Gude was unable to do her past relevant work but was nevertheless not disabled. The court wrote:

> The "burden is on the Secretary to show that this claimant is able to perform the requisite acts of sedentary work day in and day out in the competitive conditions of work in the real world." *O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir. 1983). Here, the Secretary failed to meet this burden; he ignored the treating physician's opinion, which was well supported by the medical evidence, and improperly discredited Gude's subjective complaints of pain and fatigue.

*Gude*, 956 F.2d at 795–796. In *Smith v. Shalala*, 31 F.3d 715 (8th Cir.1994), the Court wrote that the hypothetical question presented to the vocational expert was deficient because it did not precisely set out the claimant's particular physical and mental impairments. The Court wrote: "In light of the flawed hypothetical, the Secretary has

not shown that Smith retains sufficient residual functional capacity to perform gainful activity." *Smith,* 31 F.3d at 717.

In *Frankl v. Shalala,* 47 F.3d 935, 936 (8th Cir.1995) Judge Hansen wrote:

> To establish a disability claim, the claimant bears the initial burden of proof to show that he is unable to perform his past relevant work. *Reed v. Sullivan,* 988 F.2d 812, 815 (8th Cir.1993). If met, the burden of proof then shifts to the Secretary to demonstrate that the claimant retains the physical residual functional capacity (RFC) to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education, and work experience. *Id.* See also *McCoy v. Schweiker,* 683 F.2d 1138, 1146–1147 (8th Cir.1982) (en banc). The Secretary's "burden includes the duty to establish by medical evidence that the claimant has the requisite RFC" to perform other work. *McCoy,* 683 F.2d at 1147.

The ALJ found that Frankl met his initial burden of proving that he was not able to perform his past relevant work. This finding is not challenged on appeal. The dispositive question is whether the Secretary met her burden of establishing by medical evidence that Frankl retained the RFC to perform the full range of light work. "Light work" requires that a claimant be capable of standing or walking for a total of six hours out of an eight-hour work day. See Social Security Ruling 83–10; *Carter v. Sullivan,* 909 F.2d 1201, 1202 (8th Cir. 1990). See also *Allen v. Sullivan,* 977 F.2d 385, 389 (7th Cir.1992). If nonexertional impairments exist that limit the claimant's ability to perform the full range of work in a particular category, then the ALJ cannot rely exclusively on the grids to determine disability but must consider vocational expert testimony. See *Reed,* 988 F.2d at 816.

This rule of law is also being applied in other district courts within the circuit. See, e.g., *Johnson v. Callahan,* 968 F.Supp. 449, 458–459 (N.D.Iowa 1997) ("If the claimant meets his burden of proof at Step 4, the burden shifts to the Commissioner to establish the claimant's ability to perform other work in Step 5." ). In *Soth v. Shalala,* 827 F.Supp. 1415, 1417 (S.D.Iowa 1993), Judge Longstaff wrote:

> The Eighth Circuit has repeatedly stated that once a claimant has proven he is no longer able to perform his past relevant employment, the burden shifts to the Secretary to prove first "that the claimant has the residual functional capacity to perform other kinds of work," and second, "that there are jobs available in the national economy that can realistically be performed by someone with the claimant's qualifications and capabilities." *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir.1983); see also *Talbott v. Bowen,* 821 F.2d 511, 514 (8th Cir.1987); *O'Leary v. Schweiker,* 710 F.2d 1334, 1338 (8th Cir.1983). The Secretary must prove a claimant's residual functional capacity "by medical evidence." *Talbott v. Bowen,* 821 F.2d at 514.

■ Judge Longstaff also made it clear that drawing a conclusion regarding Plaintiff's credibility is not equivalent to proving by medical evidence that Plaintiff has a residual functional capacity. *Id.*

Counsel for the Commissioner cites several cases which bear some discussion herein. None of the cited cases persuades this court that the rule discussed herein is not the law in the Eighth Circuit. Counsel cites *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). In the first place, the issue in this case was whether a claim of disability can be denied at the second step of the sequential evaluation—the no severe impairment step. In the second place, footnote five states:

> The severity regulation does not change the settled allocation of burdens of proof in disability proceedings. It is true, as Yuckert notes, that the Secretary bears the burden of proof at step five, which determines whether the claimant *is able to perform* work available in the national economy. But the Secretary is required to bear this burden only if the sequential evaluation process proceeds to the fifth step. . . .

(Emphasis added). Next, Counsel cites *Evans v. Shalala,* 21 F.3d 832 (8th Cir.1994). This case states: "The ALJ evaluates a

claimant's ability to do past relevant work based on a review of the claimant's residual functional capacity and the physical and mental demands of his past work." The main question in this case, however, was whether a finding that Evans was able to perform work of a similar nature to his past relevant was sufficient to justify a denial of the claim based on the rule that if a claimant is able to do past relevant work as generally done in the national economy he is not disabled. At the conclusion of the opinion, Chief Judge Arnold wrote:

> If, following the proper procedures, the ALJ finds the claimant cannot return to his past relevant work, he will have to shift the burden of proof from the claimant, who has had to prove he is disabled, to the Secretary, who, at step five, has the duty to establish that the claimant is not disabled under the Act. *Pickner v. Sullivan,* 985 F.2d 401, 403 (8th Cir.1993); *Butler v. Secretary of Health and Human Services,* 850 F.2d 425, 426 (8th Cir.1988). The Secretary would have to prove, either by the Medical–Vocational Guidelines ("the grid") or by a vocational expert, that other kinds of work are available in the national economy which realistically suit the claimant. *O'Leary v. Schweiker,* 710 F.2d 1334, 1338–39 (8th Cir..1983).

*Butler* and *O'Leary,* cited in *Evens,* have both been discussed in detail above. Both cases hold as this Court did in the case sub judice.

Counsel cites the case of *Conley v. Bowen,* 781 F.2d 143, 146 (8th Cir.1986) in support of the statement that: "It is the claimant who bears the burden of proof at steps one through four of the sequential evaluation process, which includes the burden of showing that she is unable to perform her past relevant work." The Court would point out to Counsel, at the risk of belaboring the obvious, that the Court, in the cited passage in *Conley,* cites *McCoy v. Schweiker,* 683 F.2d at 1146–1147 wherein the Court states that when a claimant has shown the inability to do past relevant work, the burden shifts to the Commissioner to prove, with medical evidence, that the claimant has the RFC for other work that exists in the national economy.

Counsel cites *Roth v. Shalala,* 45 F.3d 279, 282 (8th Cir.1995), for the proposition that the Commissioner's burden includes only the duty to establish a significant number of jobs in the national economy. The Court wrote: "Thus, the burden shifted to the Secretary to demonstrate that there are jobs available in significant numbers in the national economy that Roth is able to perform." As shown above, the phrase "is able to perform" means that there must be medical evidence that the claimant has the residual functional capacity to work. The Court made it very clear that the ALJ's decision was affirmed: "because: (1) Roth's condition is treatable and he has not complied with the prescribed treatment; and (2) the ALJ properly discredited Roth's subjective complaints of pain."

Likewise, this Court is of the opinion that the Court of Appeals did not change its well established case law in *Anderson v. Shalala,* 51 F.3d 777 (8th Cir.1995). Anderson, according to the opinion, argued that the ALJ had failed to properly shift the burden of proof because the Secretary failed to produce additional medial evidence of the residual functional capacity. The Court wrote: "We must determine whether the record presents medical evidence of Anderson's RFC at the time of the hearing. *Frankl v. Shalala,* 47 F.3d 935, 937–38 (8th Cir.1995). If there is no such evidence, the ALJ's decision 'cannot be said to be supported by substantial evidence.' *Id.*" *Anderson,* 51 F.3d at 779.

## CONCLUSION

Counsel for the Commissioner asks the court to withdraw what the Commissioner considers to be "improper language" and to remand this case pursuant to sentence four of 42 U.S.C. § 405(g). In order to comply with the Commissioner's request to withdraw the "improper language", this Court would have to overrule a long line of precedent from panel decisions of the Eighth Circuit Court of Appeals and an en banc opinion in *McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir. 1982), upon which these panel opinions and the precedent is based. This Court has not articulated a new rule of law heretofore un-

known. As the Court stated in *Douglas*, 734 F.2d at 400: "... this view is the law of the Circuit and *must* be followed in all cases in this Circuit." (Emphasis added.)

Finally, the Court has considered the Commissioner's motion to remand the case pursuant to sentence four of the Act. The record before the Court supports an award of benefits. This record evidence has been reviewed by the Court very carefully according to the dictates of the Administrative Procedures Act and the decisional law of the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit. After a scrutinizing analysis of this evidence, the Court is convinced the weight of the evidence is transparently one sided against the Commissioner's decision. The decision must be reversed on the grounds that the Commissioner's decision is not a reasonable one. That having been decided, the matter of remedy is within the discretion of the reviewing court. Based upon the earlier analysis in *Davis*, 985 F.Supp. 907, 1997 WL 461598, the Court is convinced that a remand would serve no useful purpose and would only delay the receipt of benefits to Plaintiff. Therefore, the Commissioner's Motion to Alter or Amend is denied.