No. 95-4185

Katherine A. Eback,            *
                               *
        Appellant,             *
                               *   Appeal from the United States
        v.                     *   District Court for the
                               *   District of North Dakota.
Shirley S. Chater,             *
Commissioner of Social         *
Security,                      *
                               *
        Appellee.              *


Submitted:  July 12, 1996

Filed:  August 15, 1996


Before FAGG, LAY, and HEANEY, Circuit Judges.


HEANEY, Circuit Judge.


Katherine Eback is a 30-year-old, Native American woman with a husband and a small child who has never engaged in substantial, gainful employment. She has a history of chronic asthma, chronic anxiety,[1] and eczema. Because of her asthma, she requires the use of a nebulizer at least four times a day. She is a high school graduate with fourth- to sixth-grade reading skills and second- to third-grade math skills. The administrative law judge (ALJ) found that she was severely impaired, but that she could perform unskilled, sedentary to light work in packaging, assembly,

---

[1] As a consequence of her severe anxiety, Eback eats her own hair; in 1984, surgeons had to remove a large mass of hair and undigested food particles which completely filled her stomach and trailed into the first eight to ten inches of her small intestine.

labeling, and machine operations where environmental irritants were not present. The Appeals Council declined to review the ALJ's decision, rendering the Agency's decision final. Eback sought review in the United States District Court. The court granted summary judgment in favor of the Commissioner. Eback appeals. We reverse and remand to the district court; we further instruct the court to remand to the Commissioner with directions to award Eback disability benefits pursuant to section 1614(a)(3)A of the Social Security Act, as amended, effective September 15, 1992, the date on which Eback filed her application.

## DISCUSSION

We review the Social Security Administration's decision to deny benefits by looking to see whether the decision is supported by substantial evidence in the record as a whole. McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983). Once a claimant has been found disabled, the Commissioner has the burden of proving that Eback can do light or sedentary work in the occupations specified by the vocational expert. Dawson v. Bowen, 815 F.2d 1222, 1226 (8th Cir. 1987); Lewis v. Heckler, 808 F.2d 1293, 1297 (8th Cir. 1987). The record reveals that the Commissioner has not satisfied this burden.

First, it is uncontested that Eback requires daily use of a nebulizer usually once between 7:00 and 8:00 a.m., again between 2:00 and 3:00 p.m., and twice during the evening hours. (Admin. Rec. at 86-88.) Such use would be necessary if she were to be able to perform all the duties of the jobs listed by the ALJ "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc). The vocational expert testified that in answering the hypothetical he assumed that an employer would allow the necessary nebulizer use on the job. "I'm saying that would be a reasonable accommodation that an employer

-2-

could or should make, particularly considering the ADA [Americans With Disabilities Act]." (Admin. Rec. at 110.) The vocational expert further testified that his opinion as to Eback's employability would change if an employer were not willing to make this accommodation. He stated:

> Legally, with the ADA laws, an employer must make reasonable accommodations for a person with a disability. . . . [I]n my mind, . . . that would be a reasonable accommodation to give them special times to use a nebulizer to allow one to have that available for use during the day on a reasonable basis.

(Admin. Rec. at 113.)

This rationale is faulty for numerous reasons, the most significant of which is that a determination of relevant jobs existing in the national economy in significant numbers must be based on an assumption that the employer would be willing to make accommodations under the ADA. The Associate Commissioner of Social Security issued a statement that the ADA and the disability provisions of the Social Security Act have different purposes and have no direct relationship to each other.

> [The inquiry into other available jobs] is based on the functional demands and duties of jobs as ordinarily required by employers throughout the national economy, and not on what may be isolated variations in job demands (regardless of whether such variations are due to compliance with anti-discrimination statutes or other factors). Whether or how an employer might be willing (or required) to alter job duties to suit the limitations of a specific individual would not be relevant because our assessment must be based on broad vocational patterns . . . rather than on any individual employer's practices. To support a . . . finding that an individual can perform "other work," the evidence . . . would have to show that a job, which is within the individual's capacity because of employer modifications, is representative of a significant number of other such jobs in the national economy.

(Appellant's App. at 50.)  We further note that many of the jobs cited by the ALJ are shift jobs; break periods, if any, might not coincide with claimant's requirements for use of the nebulizer. The vocational expert never testified that the cited jobs routinely offer employees breaks during an eight-hour work period as would be necessary for Eback's condition.[2]

Moreover, the ALJ's finding that Eback has the residual functional capacity to work is also contradicted by her other impairments.  She requires frequent hospitalizations for complications due to her severe asthma.  She was hospitalized in February, March, and August of 1989; in January 1990; in April and September 1991; and in March 1992.  (Admin. Rec. at 460.)  In addition, she had six outpatient visits to the hospital in 1993 for acute exacerbation of her asthma.  (Admin. Rec. at 460, 461.) Eback has long-standing, severe, atopic eczema and suffers from considerable chronic anxiety, giving her a limited capacity to undergo any type of stress.  (Admin. Rec. at 461.)  She possesses only fourth- to sixth- grade reading and second- to third-grade math skills (Admin. Rec. at 51), and has a subaverage general intellectual functioning capacity. (Admin. Rec. at 145.)  While it may be that none of Eback's disabilities meet the requirements of a listed impairment, when considered in totality, they present a clear picture of a person who cannot hold down any of the full-time jobs noted by the ALJ.  See Thomas v. Sullivan, 876 F.2d 666 (8th Cir. 1989) (holding claimant disabled although no one of claimant's complaints was individually disabling because "taken together, and in conjunction with how they limit her daily activities, they add up to an inability to do real work.").

---

[2]The ALJ states that "the use of the nebulizer machine only once during the day could be accomplished during regular breaks." (Admin. Rec. at 56.)  No federal or state law requires an employer to give employees a break, nor does the ALJ provide any support for his statement.

Finally, the ALJ found that Eback's current activities are inconsistent with her testimony that she is unable to work. The ALJ determined that the following activities indicate her ability to work: taking care of her personal needs; sharing responsibility with her husband for the care of her 19-month-old child; sharing cooking and house cleaning responsibilities with her husband; frequently driving to visit family members who live 1.5 miles away; and attending bingo on a fairly consistent basis prior to 1993. None of these activities, however, support the ALJ's conclusion that Eback can do full-time work in the competitive local or national economy. See Hogg v. Shalala, 45 F.3d 276, 278 (8th Cir. 1995) (claimant lived with her mother and cooked twice a day, washed dishes, made beds, did laundry twice a week, cleaned house twice a week, went shopping, and drove a car); Harris v. Secretary of DHHS, 959 F.2d 723, 726 (8th Cir. 1992) (claimant shopped for food, children's school supplies, and household items; drove a car on occasion; did some cooking, ironing and laundry); and Thomas, 876 F.2d at 669 (holding claimant's ability to do light housework with assistance, attend church, visit with friends on the phone does not demonstrate claimant's ability to work).

We conclude that substantial evidence on the record as a whole does not support the Secretary's determination that Eback is able to perform unskilled, sedentary to light positions in packaging, assembly, labeling, or machine operations where environmental irritants are not present. Thus, we reverse and remand to the district court with directions to remand to the Commissioner with directions to award disability benefits pursuant to section 1614(a)(3)A of the Social Security Act, as amended, effective September 15, 1992.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-