**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 98-1440

| | | |
|---|---|---|
| Nancy S. Whitehurse, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kenneth S. Apfel, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Appellee. | * | |

Submitted:  September 25, 1998

Filed:  October 21, 1998

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Nancy S. Whitehurse, a 36-year-old woman with an eleventh-grade education and no relevant work experience, appeals the district court's grant of summary judgment affirming the Commissioner's decision to deny Whitehurse supplemental security income benefits based on disability.

Whitehurse's claim is based on degenerative changes in her right ankle, which she contends makes it impossible for her to do any work, sedentary or otherwise.  At

her administrative hearing, Whitehurse testified that she must elevate her foot two or three times daily for a total of approximately two hours per day. Whitehurse's treating physician stated in his interrogatory that her ankle swelling causes daily pain and that elevation is required every morning and afternoon to relieve the pain.[1] The treating physician, however, did not specify the length of time necessary for effective elevation of her foot nor did he address whether, and to what extent, Whitehurse is disabled as a result of her limitations. The administrative law judge (ALJ) determined that Whitehurse was not disabled, finding that the evidence did not present any persuasive basis from which to conclude that she could not elevate her foot during work breaks and after work in the evening.

The ALJ correctly conceded that the Commissioner bears the burden of establishing that Whitehurse can perform sedentary work despite her disability. See Douglas v. Schweiker, 734 F.2d 399, 400 (8th Cir. 1984). However, the ALJ's conclusion that Whitehurse is not disabled is not supported by substantial evidence on the record. This is because the record is not sufficiently developed as to the issue of whether elevating Whitehurse's foot during work breaks would be sufficient to alleviate her pain and make it possible for her to do a full day's work in the competitive economy. See McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc) (Commissioner must prove by substantial evidence that Whitehurse can perform work in the sometimes competitive and stressful conditions in which people work in the real world).

It seems clear that employees do not generally get two hours of break time during the work day, and no federal or state law requires an employer to give

---

[1]"The opinion of a treating physician is entitled to great weight 'unless it is unsupported by medically acceptable clinical or diagnostic data.'" Ghant v. Bowen, 930 F.3d 633, 639 (8th Cir. 1991) (quoting Kirby v. Sullivan, 923 F.2d 1323, 1328 (8th Cir. 1991)).

employees any break time.  See Eback v. Chater, 94 F.3d 410, 412 (8th Cir. 1996). The ALJ failed to develop testimony that sedentary work is available that would provide Whitehurse with work breaks, or that Whitehurse's pain could be alleviated by elevating the foot during the customary morning and afternoon breaks that are given by most employers.  Thus, it is essential to develop the record fully with respect to both of these issues.

The record in this case reveals another problem.  Two physicians, Dr. Jon C. Gehrke and Dr. Jeffrey O. Anglen, recommended that Whitehurse have a surgical procedure to stabilize the right ankle.  The ALJ discusses this evidence only as proof that Whitehurse's complaints of incapacitating pain are not credible.   Upon completion of the full record, however, the ALJ may find that this elevation is insufficient to alleviate the pain.  In such case, the ALJ will have to consider requiring Whitehurse to consent to the surgical procedure suggested by these two physicians.

With regard to requiring  the recommended surgical procedure, we note that Dr. Anglen described the risks of the surgery as "infection, nerve or blood vessel or tendon damage, nonunion, malunion, compartment syndrome, deep venous thrombosis and others," as well as "some risk that this would exacerbate the degenerative changes in the rest of her foot." (Admin. R. at 140).  In order to receive benefits, a claimant must follow the treatment prescribed by her physician if this treatment can restore her ability to work.  See 20 C.F.R. § 404.1530 (1998).  The regulations list  the following pertinent examples of an acceptable reason for failure to follow prescribed treatment: "The treatment because of its magnitude (e.g. open heart surgery), unusual nature (e.g. organ transplant), or other reason is very risky for you."  20 C.F.R. §404.1530(c)(4) (1998).  On remand, the ALJ will need to consider carefully whether Mrs. Whitehurse should  be required to undergo the surgery in light of the risks described by Dr. Anglen.

## Conclusion

For the reasons stated above, we remand this matter to the district court with directions to remand to the Commissioner to take additional evidence as to whether Whitehurse would be able to work if permitted to elevate her foot during customary short work breaks, or in the alternative, whether the surgery suggested by the physicians would alleviate the necessity of elevating the foot during the day.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4