**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 98-60158

————————

EARNEST JONES,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

May 18, 1999

Before EMILIO M. GARZA, DeMOSS, and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff-Appellant, Earnest Jones, appeals the district court's decision affirming the

Commissioner of Social Security's determination that Jones is not entitled to social security disability

insurance benefits or supplemental security income.  We affirm.

I

Earnest Jones ("Jones") injured his back while working as a lumber puller, and subsequently

applied for disability insurance benefits and supplemental security income ("SSI"). The Commissioner

of Social Security (the "Commissioner") determined that Jones was not entitled to disability benefits or SSI. Jones requested a hearing before an Administrative Law Judge ("ALJ"). Based upon a review of the administrative record, the ALJ found that Jones was not disabled and agreed that Jones was not entitled to benefits or eligible for SSI. The Appeals Council for the Social Security Administration denied Jones's request for review of the ALJ's determination, and, as a result, the ALJ's determination became the final decision of the Commissioner. Jones appealed this final decision to federal district court. The district court referred the case to a magistrate judge, s*ee* 28 U.S.C. § 636(b), who found that the Commissioner's decision was supported by substantial evidence. The district court adopted the magistrate judge's Report and Recommendation, and dismissed Jones's claims. Jones timely appealed.

II

Our review is limited to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards. *See Brock v. Chater*, 84 F.3d 726, 727 (5th Cir. 1996). We may not "reweigh the evidence or substitute [our] judgment for the [Commissioner's]." *Chaparro v. Bowen*, 815 F.2d 1008, 1009 (5th Cir. 1987). We must, however, "scrutinize the record in its entirety to determine whether substantial evidence does indeed support the [Commissioner's] findings." *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir.1983).

Jones argues that, in finding him not disabled, the Commissioner erred in considering the opinion of the vocational expert who testified before the ALJ. The expert opined that specific jobs existed that Jones could perform and that would accommodate Jones's need to alternate between sitting and standing. According to Jones, the expert improperly based his opinion on the Americans

with Disabilities Act ("ADA"). Jones asks us to reverse, or in the alternative, to remand for a new hearing.

We agree with the Eighth Circuit that "the ADA and the disability provisions of the Social Security Act have different purposes and have no direct relationship to each other." *Eback v. Chater*, 94 F.3d 410,. 412 (8th Cir. 1996). Hence, a vocational expert should not base his determination of the availability of jobs on the assumption that the ADA requires an employer to accommodate an individual's disability. *See id*.

Nonetheless, in this case, a review of the record shows that the Commissioner did not commit reversible error. The vocational expert explained, prior to mentioning the ADA, that a significant number of jobs existed that would permit Jones to work. The expert only mentioned the ADA in response to a question specifically regarding assembler jobs.[1] Moreover, the expert's reference to the ADA suggests not that he assumed that assembler jobs required accommodation, but that allowing for an employee to alter between sitting and standing is a prevalent accommodation in the workplace. *See id*. (quoting from a statement issued by the Associate Commissioner of Social Security noting that an "assessment [of jobs available to a claimant] must be based on broad vocational patterns . . . rather than on any individual employer's practices"); *see also Pena v. Apfel*, No. C-97-4445-VRW, 1999 WL 155699, at *2 (N.D. Cal. Mar. 15, 1999) (noting that "[t]he ALJ did not assume that employers will accommodate plaintiff's physical limitations in making her

---

[1]   Q   Would an individuals' inability to stand or sit for longer than 20 or 30 minutes, would that eliminate any of jobs as an assembler.

A.   The jobs—I think that we're talking about assembler here, the worker has that option, you know, just sitting and standing at will. And some of them—most employers today, will accommodate workers along that line. The eighty-eight [sic], for instance, made short work of that option.

-3-

decision. Rather, the ALJ's decision is based on the [vocational expert's] testimony that allowing for altering between sitting and standing is 'a commonplace accommodation in the workplace.'"). Accordingly, we hold that the Commissioner did not improperly rely on the vocational expert's testimony.

Having held that the Commissioner did not improperly rely on the vocational expert's testimony, we are left with Jones's specific arguments that the Commissioner erred in (1) diminishing Jones's allegations of pain, (2) failing to consider properly the medical opinions of record, and (3) not finding Jones an illiterate. We are also left with Jones's more general argument that the record lacks substantial evidence supporting the Commissioner's decision finding Jones not disabled. After reviewing the record and the arguments of the parties, we find that, for each of these issues, the Commissioner's decision is supported by substantial evidence and based upon a proper application of the law.

III

For the foregoing reasons, we AFFIRM.