**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-50409

---

BLANCA GODINA, As Next Friend
of Martha M. Godina, a Child,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas

(SA-98-CV-1022-OLG)

---

August 14, 2001

Before JOLLY, DEMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

On November 1, 1994, Blanca Godina ("Godina") filed, on behalf of her minor daughter Martha, an application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("the Act") alleging that Martha suffered a disability as a result of inappropriate behavior for Martha's age, fighting, and the existence of an imaginary friend. The Administrative Law Judge ("ALJ") denied Godina's request and the Appeals Council denied Godina's request for

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

review of the ALJ's decision. After Godina filed a complaint in district court, the magistrate judge issued a repo rt, recommending that the Commissioner's decision be affirmed. The district court subsequently adopted the findings of the magistrate judge and affirmed the decision of the ALJ that Godina now appeals.

This Court must affirm the Commissioner's determination unless the ALJ applied the wrong legal standards or the ALJ's factual determinations are not supported by substantial evidence in the record. Jones v. Apfel, 174 F.3d 692, 693 (5th Cir. 1999). Godina argues that: 1) the administrative record is inadequately preserved to permit a review by this Court; 2) the ALJ improperly favored the testimony of consulting physicians over the testimony of Martha's treating physicians; and 3) the ALJ's determination that Martha is not disabled is unsupported by substantial evidence. In response, the Commissioner asserts that there is substantial evidence in the record to support the ALJ's determination that Martha did not have a disability.

After reviewing the record, we conclude that there are portions of the record that support Godina's arguments. However, substantial portions of the record also support the ALJ's determination that Martha is not disabled, given that the physicians that Godina characterizes as "treating" did not have an established treatment relationship with Martha. Moreover, even if these doctors were deemed to have had treating physician relationships with Martha, we would affirm the ALJ because of our deferential standard of review. The available portions of the record do not raise serious concerns regarding the ALJ's reasoning or his determination that Martha was not afflicted with a disability. We, therefore, affirm.

AFFIRMED.