**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALTA L. KLITZ,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 05-7112
(D.C. No. CIV-04-067-SH)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

---

Alta Klitz appeals from the district court's order and judgment affirming

the final decision of the Commissioner of Social Security denying her

Supplemental Security Income benefits (SSI) under Title XVI of the Social

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Security Act. We have jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we REVERSE and REMAND.

Ms. Klitz protectively filed an application for SSI on June 14, 2002, alleging disability on the basis of asthma, chronic obstructive pulmonary disorder, and arthritis. Her application was denied initially and upon reconsideration. She requested and received a hearing before an administrative law judge (ALJ) who found that Ms. Klitz suffers from severe chronic obstructive lung disease but the impairment is not severe enough to meet or equal one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.

Because the ALJ found that Ms. Klitz has no relevant past work, he proceeded to step five of the sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step sequential process for evaluating claims for disability benefits), and found that Ms. Klitz retains the following residual functional capacity (RFC): "lift and/or carry 10 pounds occasionally and 5 pounds frequently; stand and/or walk 2 out of 8 hours; and sit 6 out of 8 hours; but she cannot work in environments where she would be exposed to dust." R. at 16. At the hearing, the ALJ asked a vocational expert (VE) whether there were any jobs a person could perform if the person had no past relevant work but could perform sedentary work in environments that did not expose the person to respiratory irritants such as dust. The VE testified that such a person could perform a variety of unskilled labor occupations: lamp shade

assembler, clip fastener, suture winder, gold burnisher, and food and beverage order clerk.[1]  *Id.* at 140-41.  Based on the VE's testimony, the ALJ found Ms. Klitz not disabled at step five.  The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.  Ms. Klitz filed a complaint with the district court, and by the parties' consent, the matter was submitted to a magistrate judge who affirmed the Commissioner's decision.  This appeal followed.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quotation omitted).  "[B]ecause our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking 'into account whatever in the record fairly detracts from its weight.'"  *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)).  "We may neither reweigh the evidence nor substitute our discretion for that of the [Commissioner]."  *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

---

[1]  Although the ALJ posed two other, more restrictive hypotheticals to the VE, neither of them are relevant to this appeal.

Ms. Klitz raises only one issue on appeal, that the ALJ's RFC finding is not supported by substantial evidence because it lacks a requirement that she use a home nebulizer periodically during the work day.[2] Ms. Klitz testified that she used the nebulizer two or three days a week and two times per day on those days. R. at 130. She stated that the process took fifteen to twenty-five minutes. *Id.* Progress notes in the record reflect that Ms. Klitz was advised that she should obtain a nebulizer because it was "much better in delivering meds than the MDI," *id.* at 88. Although unclear from the record, an "MDI" apparently is a type of inhaler. The progress notes also indicate that she was to use the nebulizer at home and the inhaler only when she was away from home. *Id.* at 86, 87.

In making an RFC finding when, as here, a medically determinable impairment imposes environmental restrictions, an ALJ must consider any resulting limitations and restrictions that may affect other work-related abilities and reduce a claimant's ability to work. *See* 20 C.F.R. § 416.945(d). Although the ALJ acknowledged Ms. Klitz's use of the nebulizer, he never addressed any effect it might have on her ability to work. The progress notes indicate that the nebulizer was the preferred treatment at home and the inhaler was to be used only when she was away from home. It does not necessarily follow that Ms. Klitz

---

[2] A nebulizer is "[a] device used to reduce liquid medication to extremely fine cloudlike particles" and is "useful in delivering medication to deeper parts of the respiratory tract." *Stedman's Medical Dictionary* 1184 (27th ed. 2000). Ms. Klitz uses her nebulizer to administer albuterol sulfate. R. at 87.

could be away from home for a full work day without access to the nebulizer and reliant only on the inhaler.

On remand, the ALJ should develop certain details of Ms. Klitz's use of her home nebulizer. First, it is unclear whether her nebulizer is portable such that it can be used away from the home. It appears that administering albuterol sulfate with a nebulizer involves connecting the nebulizer to a compressor. *See Physicians' Desk Reference* 1225, 3069 (57th ed. 2003). The presence of a compressor suggests that it may be impracticable for her to transport the device to work.

Second, it is unclear from the record whether Ms. Klitz's need to use the nebulizer twice a day on those days when she must use it occurs at random, uncontrollable times, or whether she could use it before work, during established breaks, or after work in order to treat her condition effectively. The fifteen to twenty-five minute process of using the nebulizer one or two times a day on two or three days a week may be disruptive of a normal work day and affect her ability to perform the jobs the VE identified and on which the ALJ based his decision. *See Eback v. Chater*, 94 F.3d 410, 411-12 (8th Cir. 1996) (discussing how the particularities of a claimant's need to use a nebulizer could affect the ability to perform all the duties of a job).

For the foregoing reasons, we conclude that substantial evidence does not support the ALJ's RFC finding. The judgment of the district court is

**REVERSED** and the case is **REMANDED** to the district court with directions to remand the case to the agency for further proceedings consistent with this order and judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge