United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-31071
Summary Calendar

———————————

RONALD A. DERISE,

Plaintiff-Appellant,

versus

LINDA S. MCMAHON, Acting U.S. COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(USDC No. 2:05-cv-01154)
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Ronald Derise appeals the denial of his claim for Social

Security disability benefits. We affirm for the reasons given by

Magistrate Judge Wilson in his thorough report, as adopted by the

district court.

Our review is limited to determining whether the

Commissioner's decision is supported by substantial evidence and

free of legal error. Jones v. Apfel, 174 F.3d 692, 693 (5th Cir.

1999). Ronald Derise is blind in his right eye and can no longer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

work as a truck driver.  Relying on a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that he can still perform.  Derise urges that the ALJ improperly relied upon the vocational expert's testimony because that testimony was flawed, having failed to list any specifically available jobs as required by SSR 85-15.  Yet Derise does not explain how this procedural impropriety casts doubt on the existence of substantial evidence or otherwise effects his substantial rights.

"Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988).  Such procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).  Derise has not cast doubt upon the ALJ's decision.  The judgment of the district court is

AFFIRMED.