FILED

NOT FOR PUBLICATION

JUN 10 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BECKY LOOP,

          Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

          Defendant - Appellee.

No. 14-35261

D.C. No. 3:12-cv-01674-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted June 8, 2016 [**]

Before:    PREGERSON, LEAVY, and OWENS, Circuit Judges.

    Becky Loop appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's judgment upholding an administrative law judge's ("ALJ") denial of social security benefits. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We will reverse only if the ALJ's decision is not supported by substantial evidence in the record or is based on legal error. *Id.*

At step four of the sequential evaluation process, the ALJ found that despite Loop's severe impairments of degenerative disc disease, hearing loss, epicondylitis (elbow inflammation), diabetes mellitus, and left hip bursitis, she was capable of performing her past relevant work as a customer service representative at a call center.

The ALJ did not err by failing to include an impaired ability to talk and hear on the telephone in her finding regarding Loop's residual functional capacity. Substantial evidence, including Loop's own testimony about the effectiveness of her hearing aids and her reason for leaving the call center job, supported the ALJ's finding. *See* 20 C.F.R. § 404.1545(a)(1); *Garrison v. Colvin*, 759 F.3d 995, 1010-11 (9th Cir. 2014).

The ALJ properly accorded little weight to the opinion of an occupational therapist. *See* 20 C.F.R. §§ 404.1513(a) & (d)(1); *Britton v. Colvin*, 787 F.3d

2

1011, 1013 (9th Cir. 2015) (per curiam) (holding that ALJ may discount testimony from "other sources" by giving reasons germane to that witness). The ALJ provided reasons germane to this therapist by explaining that her assessment did not reflect Loop's capacities while on medication, and it predated by almost three years the end of Loop's substantial gainful employment as a customer service representative and her alleged disability onset date. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1165 (9th Cir. 2008) (holding that medical opinions predating alleged onset of disability are of limited relevance); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (stating that impairments that can be controlled effectively with medication are not disabling).

The ALJ did not err in finding unconvincing Loop's testimony that due to her chronic back and hip pain, she was incapable of any work activity. The ALJ properly followed the two-step credibility analysis and provided specific, clear and convincing reasons, supported by substantial evidence, for her credibility finding. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). The ALJ properly relied in part on her observations of Loop during the hearing and properly considered Loop's daily activities and hobbies. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). The ALJ also properly considered Loop's reason for leaving her call center job. *See Bruton v. Massanari*, 268 F.3d 824, 828

3

(9th Cir. 2001). In light of these other valid reasons, any error in the ALJ's reasoning regarding Loop's medical transcription training was harmless. *See Molina*, 674 F.3d at 1122.

Any error in the ALJ's assessment of a lay witness also was harmless. *See id.*

Finally, substantial evidence supported the ALJ's finding, at step four, that Loop was capable of performing her past relevant work as a call center customer service representative. *See Ghanim*, 763 F.3d at 1166. Loop contends that this finding was in error because the vocational expert testified that she could perform the call center work with the "accommodation" of a sit/stand option, but the possibility of reasonable accommodation may not be taken into consideration in the determination whether a Social Security claimant is disabled. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) (contrasting Social Security disability claims and claims under Americans with Disabilities Act). Loop's contention lacks merit because the gist of the vocational expert's testimony was that allowing a sit/stand option is commonplace in call center workplaces, and this is how the call center job is generally performed in the national economy. *See* 20 C.F.R. § 404.1560(b)(2) (providing that vocational expert may testify as to how claimant's past relevant work is "generally performed in the national economy")*;*

*Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that ALJ may take administrative notice of any reliable job information, including information provided by vocational expert); *see also Jones v. Apfel*, 174 F.3d 692, 693-94 (5th Cir. 1999) (holding that ALJ properly relied on vocational expert's testimony indicating that allowing for employee to alter between sitting and standing is prevalent accommodation in workplace).

**AFFIRMED.**