NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON JON ISAACSEN,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of Social Security

Appellee.

No. 25-4092

D.C. No.
3:24-cv-06030-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted June 12, 2026[**]
Seattle, Washington

Before: W. FLETCHER and M. SMITH, Circuit Judges, and HINDERAKER, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

Aaron J. Isaacsen appeals the district court's judgment affirming the Commissioner of the Social Security Administration's denial of his application for supplemental security income disability benefits under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's judgment upholding an administrative law judge's ("ALJ") denial of social security benefits. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). The Court disturbs the Commissioner's decision "only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Bray*, 554 F.3d at 1222).

At step four of the sequential evaluation process, the ALJ included in Plaintiff's residual functional capacity ("RFC") the need for a five-minute break every hour due to his monocular eye fatigue and to allow him to apply eye drops. Considering this RFC, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy, including cashier, routing clerk, and collator operator—each classified as unskilled jobs. Plaintiff argues this finding was in error because Plaintiff's need for hourly five-minute breaks (1) prevents him from meeting the requirements of unskilled work listed in the Social Security Administration's Program Operations Manual System ("POMS") DI 25020.010(B)(3)(d) and (2) requires a "reasonable accommodation" under the

Americans with Disabilities Act ("ADA") and, accordingly, should not have been considered in the ALJ's step-five determination.

The POMS is not binding authority on an ALJ. *Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017) (citing *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010)). Accordingly, Plaintiff's argument that the ALJ's finding did not comport with the POMS does not establish legal error. In coming to his step-five determination, the ALJ relied on a vocational expert's ("VE") testimony that Plaintiff's need for an hourly five-minute break did not prevent him from performing the requirements of the identified jobs. *See* AR 52–53 (an hourly five-minute break is "a little irregular, but not inconsistent with . . . allowable breaks . . . for everybody"). Plaintiff does not challenge the VE's qualifications or testimony. Accordingly, the ALJ was entitled to rely on the VE's testimony in making his step-five finding, and this finding was supported by substantial evidence. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020) ("Given its inherent reliability, a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding." (citation omitted)).

Additionally, POMS DI 25020.010, which covers mental limitations, does not apply to Plaintiff, who has only physical limitations. This section of the POMS

25-4092

contains a list of "[t]he basic mental demands of competitive, remunerative, unskilled work" and provides that a "substantial loss of ability" to meet any of those demands would justify a finding of disability. DI 25020.010(A)(3)(a), (b). Plaintiff does not allege an inability to meet the basic *mental* demands of unskilled work, only that his need for five-minute breaks prevents him from "maintain[ing] attention for extended periods of 2-hour segments." *See* DI 25020.010(B)(3)(d). Because Plaintiff requires breaks due to a physical limitation, we will not cross-apply this section of the POMS to a claimant to which it does not naturally pertain.

In determining whether an individual is disabled, an ALJ "does *not* take the possibility of 'reasonable accommodation' into account." *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) (emphasis in original). Under the ADA, "reasonable accommodations" are "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). We have previously found a "commonplace" allowance not to be a reasonable accommodation where it was consistent with how the job was "generally performed in the national economy." *See Loop v. Colvin*, 651 F. App'x 694, 696 (9th Cir. 2016) (needing a sit/stand option did not require a reasonable accommodation).

The VE testified that hourly five-minute breaks would be "not inconsistent" with allowable breaks for other employees. The ALJ considered this testimony in determining that Plaintiff was able to meet the requirements of the identified jobs with his physical abilities. *See* 20 C.F.R. § 404.1566(b). Because such breaks are not a modification to the requirements of or manner under which the identified jobs are customarily performed, they do not constitute a reasonable accommodation under the ADA. Accordingly, the ALJ was entitled to account for these breaks at step five, and there was no legal error.

**AFFIRMED.**